STATE ex rel. SPERLING, Respondent, v. BOARD OF COUNTY COMMISSIONERS OF McCOOK COUNTY, SOUTH DAKOTA et al., Defendants, and Burnham, Appellant.

(43 N. W.2d 232)

(File No. 9130. Opinion filed June 8, 1950)

**Louis H. Smith,** Sioux Falls, for Appellant.

**Hitchcock, Nichol & Lassegard,** Mitchell, for Respondent.

RUDOLPH, J. The question presented in this case is whether it was within the jurisdiction of the County Commissioners of McCook County to approve the application of appellant for a Class D nonintoxicating beer license. The Commissioners approved such application and the circuit court of McCook County determined that the Board exceeded its jurisdiction. The appeal to this court was then perfected.

The facts are without dispute. On May 21st, 1949, ap-

pellant applied to the County Commissioners of McCook County for a Class D license. On June 7th, 1949, the Board of County Commissioners refused to approve this application and endorsed thereon its reasons for such refusal. On July 5th, 1949, the appellant filed a new application for such Class D license with the Board of County Commissioners. On August 2nd, 1949, the board approved this second application and a license was issued to appellant by the Director of Licensing under the provisions of SDC 5.0305.

The single question presented is whether it was within the jurisdiction of the Board of County Commissioners to approve the second application after having rejected a prior application by appellant, the two applications being identical except as to date. The pertinent statutory provision is SDC 5.0305, which is as follows: "Applications for Class C and Class D licenses. No Class C or D license shall be issued unless and until the application therefor shall be first submitted to the governing board of any incorporated municipality where the applicant proposes to operate or, in case the applicant proposes to operate outside of an incorporated municipality, to the board of county · commissioners of the county where the applicant proposes to operate. Such board, to which such application is submitted, shall have discretion to approve or disapprove the application, depending on whether such board deems the applicant a suitable person to hold such license and whether such board considers the proposed location suitable. In the event of refusal to approve the application, such board shall indorse on the application the reasons therefor and return the application to the applicant, and no further action shall be taken thereon. In the event of approval of such application, such approval shall be indorsed thereon and the application forwarded to the Secretary, who shall thereupon issue the license applied for, unless good cause to the contrary appears."

Respondent contends the statute denies the Board jurisdiction to consider the second application. The statute provides, "In the event of refusal to approve the application, such board shall indorse on the application the reasons therefor and return the application to the applicant, **and no**

**further action shall be taken thereon."** We have under-lined the phrase upon which respondent especially relies.

The question presented must be determined by a construction of the statute. Respondent concedes that unless the statute prohibits the filing of a second application the Board has jurisdiction to act thereon. See 48 C.J.S, Intoxicating Liquors, § 144. As we read the statute the only limitation placed upon the governing body with reference to acting upon applications is to take no further action upon an application that has been denied. We believe it would be a reasonable construction to hold that the words "and no further action shall be taken thereon" refer to action by the Director of Licensing whose duty it is to issue the license. However, we accept the construction that these words place a limitation upon the governing body in acting upon applications for licenses.

The trial court determined that within the meaning of the statute only one application was filed. The court in its memorandum opinion stated, "I am therefore of the opinion that while the second application was a new application so far as the paper on which it was written was concerned, it was for the same identical purpose set out in the first application; namely, to obtain a Class D license for the year beginning June 30, 1949 and ending June 30, 1950, and that under the law the action on the second application constituted further action for the same purpose as the first application, and that therefore the County Commissioners of McCook County, South Dakota, had no authority to pass upon the second application * * *."

We cannot agree with the trial court's application of the statute. The statute says nothing about "further action for the same purpose", it only says "and no further action shall be taken thereon". It is clear that the word "thereon" refers to the written application the statute requires. In other words no further action shall be taken upon an application that has been disapproved This is far from saying that once an application has been disapproved, a second application for the same purpose is prohibited. It might be that it would be wise legislative policy to prohibit the filing of a second application for the same purpose as that set

forth in a prior application which has been denied, but this court cannot make legislative policy.

Respondent further contends that the legislature must have intended the filing of only one application, otherwise an applicant could harass and annoy the board with repeated applications "until in order to get rid of him the commissioners finally granted his application". There is some language in the case of Hensley v. Metcalfe County Court, 115 Ky. 810, 74 S.W. 1054, in support of this contention, but the real issue in that case was whether a remonstrance filed by a majority of the legal voters in the neighborhood upon which a first application was denied could be considered in passing upon a second application. The court held that it could. The case of Olds v. Kirkpatrick, 183 Or. 105, 191 P.2d 641, cited by respondent, holds that it is within the power of the commission after the rejection of a first application to deny a second application pro forma where no changed conditions are shown in the second application. This Oregon case at least impliedly recognizes the right of an applicant to file a second application. Just what caused the county commissioners of McCook County to grant this second application after denying the first is of no concern in this proceeding which goes only to the jurisdiction of the board to act, however, we believe that the board could have denied the second application pro forma as did the Oregon Commission and had it done so such action, as a practical matter, would have discouraged any attempt on behalf of petitioner to harass or annoy the board with repeated applications.

The statute as construed by the trial court means that once the board has acted such action determines the question for the year for which the license may be granted. It has been suggested that this court should sustain such holding in this case because it does not appear from the second application that conditions changed between the rejection of the first and the filing of the second. But we do not believe this suggestion is a proper basis for decision. The statute makes no mention of any right or lack of right to file a second application when conditions have changed. The statute is simply silent. To make such distinction or

to base a decision in this case on the fact that no changed conditions were shown would be rewriting the statute and determining legislative policy. If it were the intent of the legislature to deny the right to file a second application under certain circumstances and permit such right under other circumstances such intent should have been expressed.

This court holds in accord with general holdings that it is the intention of the legislature that governs, and not the literal meaning of the words of a statute. Read v. Jerauld County et al., 70 S D. 298, 17 N.W.2d 269. However, we cannot determine from this statute that the legislature intended no second application could be filed after the rejection of a first. It would not have been difficult to use words to express such intention had it existed. The legislature has placed it within the discretion of the governing board to approve or disapprove an application, the only limitation being that once an application had been disapproved no further action should be taken upon that application. As we view the statute the legislature intended to rely upon the sound discretion of the governing board, and if in the exercise of that discretion it approves a second application for the same purpose as a prior application which had been denied, such action is not contrary to any legislative intention, expressed or implied.

Finally we are of the view that had the legislature intended to prohibit the filing of a second application after the rejection of a first it would have done so in a manner similar to that in which it prohibited the granting of a new license to a licensee whose license had been revoked. By the express language of SDC 5.0119 the legislature has declared that after a license has been revoked a new license shall not be granted to the same licensee until aftr the expiration of one year.

The judgment appealed from is reversed.

HAYES, P.J., and ROBERTS and SMITH, JJ., concur

SICKEL, J., dissents.

SICKEL, J. (dissenting). When the board considered this second application it did, in effect, hold a further hear-

ing on the original application, which was prohibited by the statute. The decision of the circuit court should, in my opinion be affirmed.