STATE of South Dakota, Plaintiff and Appellant,

v.

Roger HIRSCH, Defendant and Appellee.

No. 13302.

Supreme Court of South Dakota.

Considered on Briefs May 27, 1981.

Decided Sept. 2, 1981.

Grant E. Gormley, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Ronald R. Johnson of Johnson & Kelley, Lemmon, for defendant and appellee.

WOLLMAN, Chief Justice.

The State appeals from an order dismissing a criminal prosecution brought by the State against appellee for the crime of driving while under the influence of an alcoholic beverage in violation of SDCL 32–23–1(2). We reverse and remand.

On August 14, 1980, a city of Lemmon police officer was called to the scene of an automobile accident at the junction of U.S. Highway 12 and South Dakota Highway 73, approximately one-half mile west of the city of Lemmon. Upon arriving at the scene the officer found appellee sitting behind the steering wheel of one of the vehicles. After noticing an odor of alcohol on appellee's breath, the officer requested that appellee perform three sobriety tests. The officer arrested appellee for driving while intoxicated after he noted appellee's unsuccessful attempts to complete the sobriety tests. The officer then read the implied consent warning to appellee and took appellee to a nearby hospital where a blood test was performed.

The trial court's order dismissing the action was based on the following findings:

1. The (appellee) was arrested outside the corporate city limits but within one mile of the city limits by a city of Lemmon police officer acting in that capacity after a field test for sobriety.

2. The officer did not make a citizens arrest.

3. That the officer was called to an accident.

4. That the facts do not come within the parameters of Section 9–29–1 SDCL wherein it is stated, "for the purpose of promoting the health, safety, morals, and general welfare of the community, and of enforcing its ordinances and resolutions relative hereto [sic]."

The issue presented on this appeal is whether appellee was lawfully arrested by the city of Lemmon police officer who effected the arrest outside, but within one mile of the Lemmon city limits for a violation of SDCL 32–23–1(2). We hold that the arrest was lawful.

The trial court held that SDCL 9–29–1 gave the Lemmon police no authority to arrest appellee within one mile of the city's limits for a violation of SDCL 32–23–1(2).

SDCL 9–29–1 provides:

Every municipality shall have power to exercise jurisdiction for all authorized purposes over all territory within the corporate limits and over any public ground or park belonging to the municipality, whether within or without the corporate limits, and in and over all places, except within the corporate limits of another municipality, within one mile of the corporate limits or of any public ground or park belonging to the municipality outside the corporate limits, for the purpose of promoting the health, safety, morals, and general welfare of the community, and of enforcing its ordinances and resolutions relating thereto.

The crux of the issue is whether the words "for the purpose of promoting the health, safety, morals, and general welfare of the community" grant a municipal policeman the authority to arrest citizens for violations of both municipal ordinances and state laws within one mile of a city's limits, or whether these words reflect a statutory grant of authority to extend the jurisdiction to enforce only the city's own ordinances up to one mile beyond the corporate limits.

The State contends that the "and" separating "for the purpose of promoting the health, safety, morals, and general welfare of the community," from "of enforcing its ordinances and resolutions relating thereto" is of crucial importance. We agree. For unless the "and" is to be ignored, the jurisdiction of the municipality within one mile of the city limits applies to two categories: 1) promotion of health, safety, morals, and general welfare and 2) enforcement of city ordinances and resolutions relating thereto.

In *State v. MacDonald*, 260 N.W.2d 626, 627 (S.D.1977), we wrote that:

In the absence of specific statutory authority, it is a well established general principle, in most jurisdictions, that a public police officer for a particular municipality has no official power to arrest offenders beyond the territorial jurisdiction of the municipality for which he serves (footnote omitted).

We hold, however, that SDCL 9–29–1 constitutes such specific statutory authority in the circumstances of this case.

If SDCL 9–29–1 were interpreted to mean that city jurisdiction within the one-mile zone applies only to enforcement of municipal ordinances, then the words of category (2) "of enforcing its ordinances and resolutions relating thereto" are the only words necessary. And consequently, then, the words of category (1) "for the purpose of promoting the health, safety, morals, and general welfare of the community" and the "and" separating the two categories would be surplusage.

A fundamental rule of statutory construction is that whenever possible, ef-

fect must be given to all provisions within a statute. *State v. Heisinger*, 252 N.W.2d 899 (S.D.1977). In addition, it is a matter of South Dakota law that:

The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to the code of laws enacted by § 2–16–13. Such code establishes the law of this state respecting the subjects to which it relates and its provisions and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice.

SDCL 2–14–12.

In support of his argument that SDCL 9–29–1 should be construed as not authorizing the arrest in question, appellee cites as authority *People v. Carnivale*, 21 Ill.App.3d 780, 315 N.E.2d 609 (1974). In *Carnivale*, Chicago police, acting pursuant to valid arrest and search warrants issued in Chicago, crossed the Chicago city limits and entered the city of Rosemont, where they executed the warrants. The appellate court affirmed the circuit court's determination that the police action was an unlawful exercise of extra-territorial jurisdiction not sanctioned by Ill.Rev.Stat.1971, ch. 24, par. 7–4–7 and 7–4–8. We note, however, that on appeal to the Illinois Supreme Court, the warrants were held to have been validly executed. See *People v. Carnivale*, 61 Ill.2d 57, 329 N.E.2d 193 (1975).

It is also apparent that the facts of *Carnivale* distinguish it from the instant case. Unlike the situation in *Carnivale*, the city of Lemmon police officer did not enter another municipality to arrest appellee. Indeed, SDCL 9–29–1 explicitly prohibits such an occurrence. In addition, Ill.Rev.Stat. 1971, ch. 24, par. 7–4–8 details the limited situations in which the Illinois Legislature has authorized a municipal officer, acting in his capacity as an officer, to enter another municipality. SDCL 2–14–12 clearly directs that the law of this state is to be liberally construed with a view to effect its objects and to promote justice. Rather than containing a restricted enumeration of emergency situations that would vest a munici-

pal policeman with the authority to arrest a citizen for violations of state laws within one mile of the municipal limits, SDCL 9–29–1 constitutes a broad grant of jurisdiction.*

 That the apprehension and prosecution of drunk drivers pursuant to SDCL 32–23 by city policemen within one mile of the city's limits is an authorized purpose within the meaning of SDCL 9–29–1 is further borne out by SDCL 9–31–4, which, as amended by 1974 S.D.Sess. Laws ch. 76, § 2, provides:

> The law enforcement officers of every municipality shall assist state law enforcement officers in the apprehension and prosecution of persons suspected of violating the provisions of chapter 32–23.

SDCL 9–31–4 as amended is an express sharing of the State's criminal law enforcement power with municipal police in driving-while-intoxicated cases. Further, if SDCL 9–31–4 as amended was intended only to apply within municipal boundaries, it would duplicate the already existing SDCL 9–29–19, which authorizes municipal police to arrest for violation of state laws within municipal boundaries. As we said in *State v. Chaney*, 261 N.W.2d 674, 676 (S.D. 1978), "For purposes of determining legislative intent, we must assume that the legislature in enacting a provision has in mind previously enacted statutes relating to the same subject matter." Therefore, we conclude that the legislature would not have amended § 9–31–4 in such a way that it duplicated § 9–29–19.

In view of our holding that appellee's arrest was authorized by SDCL 9–29–1, we need not consider the State's alternative argument that the arrest was valid as a citizen's arrest pursuant to our holding in *State v. MacDonald*, supra.

The order dismissing the action and suppressing the results of the blood test is reversed, and the case is remanded to the circuit court for trial.

All the Justices concur.

---

* We note with interest that SDCL 9–29–1 has been viewed by the United States Supreme Court as constituting a very broad grant of authority. "Municipalities in some States have almost unrestricted governmental powers over surrounding unincorporated territories. For example, South Dakota cities 'have power to exercise jurisdiction for all authorized purposes ....' " *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 72, 99 S.Ct. 383, 391, 58 L.Ed.2d 292, 303 n. 8 (1978).