**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Jeffrey R. FEIOK, Defendant and Appellant.**

**14646.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 7, 1985.

Decided March 13, 1985.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Timothy W. Bjorkman, Bridgewater, for defendant and appellant.

WOLLMAN, Justice.

Defendant appeals from the judgment of the circuit court affirming the law-trained magistrate's decision that imposed liability upon defendant under SDCL 32–22–55. We affirm.

On October 18, 1983, defendant was transporting a semi-trailer load of soybeans when he was stopped by a South Dakota Highway Patrol trooper and asked to drive his truck to a nearby scale site. After weighing the vehicle, the trooper charged defendant with a violation of SDCL 32–22–16, the scale ticket revealing that defend-

ant's truck was 5,160 pounds overweight. After imposing a fine of $88 and costs in the amount of $12 for violation of the Class 2 misdemeanor provided by SDCL 32–22–16, the magistrate court then imposed a "fine" in the amount of $1,290 in accordance with the schedule set forth in SDCL 32–22–55.

Defendant contends that the penalty provided by SDCL 32–22–55 constitutes a double punishment for the same offense in violation of Article VI, § 9 of the South Dakota Constitution and the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution. We do not agree.

SDCL 32–22–16 provides:

No motor vehicle or combination of vehicles operating on a public highway may have a weight:

(1) In excess of twenty thousand pounds on any one axle, including all enforcement tolerances. However, a vehicle equipped with pneumatic tires and with axles spaced eight feet or more apart may not exceed ten thousand pounds on a wheel;

(2) In excess of thirty-four thousand pounds on any tandem axle, including all enforcement tolerances. However, a vehicle equipped with pneumatic tires and with axles spaced eight feet or less apart may not exceed nine thousand pounds on a wheel or seventeen thousand pounds on an axle; or

(3) In excess of the maximum weight on two or more consecutive axles as determined by the formula detailed in § 32–22–16.1. However, in no instance may the gross weight of any vehicle or combination of vehicles exceed eighty thousand pounds on the interstate highway.

Two consecutive sets of tandem axles may carry a gross load of thirty-four thousand pounds each provided the overall distance between the first and last axles of such consecutive sets of tandem axles is thirty-six feet or more. A viola-tion of this section is a Class 2 misdemeanor.

SDCL 32–22–55 provides:

Any person who is convicted of the offense of operating a motor vehicle upon the public highways of this state with weight upon any wheel, axle or groups of axles or upon more than one thereof greater than the maximum permitted by §§ 32–22–2 to 32–22–33, inclusive, §§ 32–22–47 and 32–22–48 and acts amendatory thereof shall be fined in addition to and not in substitution for any and all penalties now provided by law for such offense in the following amounts:

In an amount equal to five cents per pound for each pound of such excess or combined excess weight over one thousand pounds when such excess is three thousand pounds or less.

In an amount equal to ten cents per pound for each pound of such excess or combined excess weight when such excess exceeds three thousand pounds and is four thousand pounds or less.

In an amount equal to fifteen cents per pound for each pound of such excess or combined excess weight when such excess exceeds four thousand pounds and is five thousand pounds or less.

In an amount equal to twenty-five cents per pound for each pound of such excess or combined excess weight when such excess is five thousand pounds or more.

The fine schedule in this section is assessed at a single rate according to the cents per pound penalty for the highest weight violation.

■ "[W]hether a particular statutorily defined penalty is civil or criminal is a matter of statutory construction." *United States v. Ward*, 448 U.S. 242, 248, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742, 749 (1980). In constructing such a statute, the reviewing court first determines whether the legislature indicated an express or implied preference for one label or the other in establishing the penalizing mechanism. If this preliminary review indicates that the legislature intended to establish a civil penalty,

the second step in the analysis of the statute is to determine whether the statutory scheme is so punitive either in purpose or in effect as to negate that intention. *Id.*

Applying the first step of the analysis to the statute in question quickly reveals, of course, that the legislature used language commonly associated with criminal penalties. Standing alone, the words "shall be fined" and "fine schedule" on their face indicate that the sanctions set forth in that statute are to be deemed criminal in nature. That is not the end of our inquiry, however, for "[i]n the interpretation of an act of the legislature, it is the intent of that body that governs and not the literal meaning of the words employed." *Read v. Jerauld County,* 70 S.D. 298, 302, 17 N.W.2d 269, 271 (1945); *State ex rel. Sperling v. Bd. of County Comm'rs,* 73 S.D. 361, 43 N.W.2d 232 (1950).

■ There are at least two reasons why we believe that the legislature did not intend that the sanctions imposed pursuant to SDCL 32–22–55 should be deemed criminal in nature. First, the statute imposing weight restrictions on trucks and providing for a criminal penalty for a violation of that statute was first enacted in 1929. *See* 1929 S.D.Sess.Laws ch. 251, §§ 39, 62. It was not until 1951 that the predecessor of SDCL 32–22–55 was enacted. *See* 1951 S.D.Sess.Laws ch. 235. It is a fundamental principle of statutory construction that in determining legislative intent a court "must assume that the legislature in enacting a provision has in mind previously enacted statutes relating to the same subject matter." *State v. Chaney,* 261 N.W.2d 674, 676 (S.D.1978). *See also State v. Hirsch,* 309 N.W.2d 832 (S.D.1981); *State Hwy. Comm'n, Etc. v. Wieczorek,* 248 N.W.2d 369 (S.D.1976). Had the legislature intended that the financial sanctions mandated by SDCL 32–22–55 be penal in nature, the predecessor of SDCL 32–22–16 would likely have been amended accordingly. *See, e.g.,* Cal. Vehicle Code § 42030 (West 1971); Ill.Ann.Stat. Ch. 95½, § 15–113 (Smith-Hurd 1971); Kan.Stat.Ann. § 8–

1901 (1982); Neb.Rev.Stat. § 39–6, 184 (1984).

■ Second, had the legislature intended that the sanctions provided by SDCL 32–22–55 be penal in nature it would have reclassified the violation of SDCL 32–22–16 from a low-grade (now Class 2) misdemeanor (*see* SDC 1960 Supp. 44.9929) to a Class 1 misdemeanor or a felony, as the amount of the penalty imposed under SDCL 32–22–55 might warrant. SDCL 22–6–2(2) fixes the maximum penalty for a Class 2 misdemeanor at thirty days imprisonment in a county jail or a one hundred dollar fine, or both such fine and imprisonment. Obviously, the additional penalty imposed upon defendant pursuant to SDCL 32–22–55 greatly exceeds the maximum fine authorized by law for the commission of a Class 2 misdemeanor. It is true that shortly after the effective date of the statute now set forth in SDCL 32–22–55 the Attorney General issued two opinions indicating that the additional charges imposed pursuant to that statute are in the nature of a fine. *See* 1951–52 Attorney General's Reports page 242; page 257. Those opinions are not binding upon this court, however, and we conclude that they do not constitute a correct interpretation of the statute. *See State ex rel. Widdoss v. Esmay,* 72 S.D. 270, 33 N.W.2d 280 (1948). To give the statute the interpretation placed on it by the Attorney General would render void the imposition of any sanction in excess of that authorized for a Class 2 misdemeanor. To so hold would run contrary to the rule that "as between two permissible constructions of statutes, the one should be adopted that will advance the legislative purpose." *Friese v. Gulbrandson,* 69 S.D. 179,185, 8 N.W.2d 438,440 (1943). Likewise, "[i]f a statute is fairly susceptible of two constructions, one of which will give effect to the act, while the other will defeat it, the former construction is preferred." 73 Am. Jur.2d *Statutes* § 249 (1974).

■ We conclude, therefore, that notwithstanding the use of the words "shall be fined" and "fine schedule" in SDCL 32–22–55, the legislature intended to impose an

additional sanction in the nature of a civil penalty. That other states may have spelled out their civil cost penalties for overweight vehicles in more specific language, see, e.g., Minn.Stat.Ann. § 169.871 (West 1984); N.D.Cent.Code §§ 39–12–11 to 39–12–20 (1980), may perhaps be a lesson in legislative draftsmanship, but it is not necessarily a bar to the result we reach with respect to our statute.

We turn, then, to the second step in our analysis of the statute, which is a determination whether the statutory scheme is so punitive either in purpose or in effect as to negate the legislature's intention to impose purely a civil penalty. United States v. Ward, supra.

In Kennedy v. Mendoza-Martinez, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), the United States Supreme Court set forth seven considerations to be weighed in determining whether a sanction is civil or penal in nature:

> Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions.

Mendoza-Martinez, supra, 372 U.S. at 168, 83 S.Ct. at 567–68, 9 L.Ed.2d at 661 (footnotes omitted). As the Court pointed out in United States v. Ward, supra, the foregoing considerations, although neither exhaustive nor dispositive, are helpful and provide some guidance.

We conclude that only the fifth and seventh Mendoza-Martinez factors are relevant to our inquiry in the case before us.

■■■ With respect to the fifth factor, whether the behavior to which the sanction imposed by SDCL 32–22–55 is already a crime, the same considerations that led the Court in the Ward case to conclude that the sanction therein was civil in nature compels us to a similar conclusion here. The legislature may provide that one same act may result in both a civil and a criminal sanction. United States v. Ward, supra. The substantial length of time that elapsed between the enactment of the criminal penalty and the subsequent civil penalty dilutes the force of the claim that the latter is criminal in nature. Id. Here, as indicated above, the sanction provided by SDCL 32–22–55 was enacted twenty-two years after the criminal penalty imposed by SDCL 32–22–16.

■■■ With respect to the seventh factor, the apparent excessiveness of the civil sanction in relation to the purpose assigned to it, we conclude that the penalties authorized by SDCL 32–22–55, although certainly not insubstantial, are not so clearly excessive as to bear no relationship to the purpose for which they are imposed. We agree with the Supreme Court of North Dakota that the imposition of a penalty based upon the amount by which a vehicle is overweight is a reasonable way for the state to police the weight restrictions set forth in its statutes. State ex rel. Hjelle v. A Motor Vehicle, Etc., 299 N.W.2d 557 (N.D.1980). To accept defendant's contention that the state must establish the specific amount by which the overloaded truck can be deemed to have damaged the highway upon which it was traveling prior to its being stopped would for all practical purposes render any statute imposing a civil cost penalty upon overweight vehicles unenforceable.*

---

* We note that the Minnesota statute (§ 169.871, supra) provides for a civil penalty of $610 plus 20 cents per pound for each pound in excess of 7,000 pounds overweight. The California statute (§ 42030, supra) provides for a civil penalty of 20 cents per pound for each pound in excess of 10,001 pounds.

Defendant's final argument is that even if the sanction imposed by SDCL 32–22–55 is deemed to be civil in nature, he is entitled to a due process hearing before the state may impose the sanction. Although his contention that a due process hearing is necessary before one can be deprived of property is unexceptionable, *see, e.g., State v. Miller,* 248 N.W.2d 377 (S.D.1976), we conclude that defendant has been given all the process that is due him by reason of the procedural safeguards afforded to him under SDCL 32–22–16, the criminal statute. In order to secure a conviction of defendant under that statute, the state was required to prove defendant guilty beyond a reasonable doubt. What greater protection he deems would be afforded him by virtue of a subsequent civil proceeding in which the state would be required to prove its case only by a preponderance of the evidence, we do not know. Whether such a procedure should be afforded as a prerequisite to the imposition of the civil sanction provided by SDCL 32–22–55 is a matter left to the judgment of the legislature. *See, e.g.,* the Iowa and North Dakota statutes cited above.

The judgment appealed from is affirmed.

MORGAN, J., and TAPKEN, Circuit Judge, concur.

FOSHEIM, C.J., and HENDERSON, J., dissent.

TAPKEN, Circuit Judge, sitting for WUEST, Acting Justice, disqualified.

FOSHEIM, Chief Justice (dissenting).

In my opinion the magistrate court exceeded its limited jurisdiction. SDCL 32–22–16 delineates the maximum permissible vehicle weights and provides that a violation of this statute is a class two misdemeanor. A class two misdemeanor carries a maximum penalty of thirty days imprisonment in a county jail, one hundred dollars fine, or both. SDCL 22–6–2(2).

SDCL 32–22–55 provides that upon conviction for violations of, among others, SDCL 32–22–16, a person *"shall be fined in addition to* and *not in substitution for* any and all penalties"* provided for in other statutes. (Emphasis added). SDCL 32–22–55 then sets forth mandatory, additional fines based upon the amount by which vehicle weight exceeds the maximum allowed in SDCL 32–22–16. The fine schedule begins "[i]n an amount equal to five cents per pound for each pound of such excess weight over one thousand pounds when such excess is three thousand pounds or less." It follows that weights below the SDCL 32–22–16 amounts are permissible. Any weight in excess of the SDCL 32–22–16 maximum amounts but less than one thousand excess pounds is subject only to the one hundred dollars fine and the county jail sentence. Any excess weight over one thousand pounds additionally activates the fine schedule in SDCL 32–22–55.

That statutory scheme indicates SDCL 32–22–55 is an extension of the fine imposable under SDCL 32–22–16. SDCL 32–22–55 states that a person *"shall be fined,"* and it refers to the amounts imposable as a "fine schedule."

As the majority opinion indicates, SDCL 32–22–55 must apply to either a criminal fine or a civil penalty. It cannot be both. Both the SDCL 32–22–16 and 32–22–55 fines are paid into the county treasury for the benefit of the public schools pursuant to constitutional mandate [1] and SDCL 23A–27–25.[2] The statutory procedure for collecting the SDCL 32–22–55 fine does not differ from that employed for SDCL 32–22–16. It is not collected under civil penalty procedures. *See,* SDCL 15–2–14(2), SDCL 15–5–2(1); SDCL 16–2–30; SDCL 21–9–11. The Legislature labels the SDCL 32–22–55 penalty a fine; imposes and collects it as an

---

1. *See* S.D. Const. art. VIII § 3.

2. SDCL 23A–27–25 provides:
   All fines and pecuniary penalties, other than forfeitures provided for in § 23A–43–23 and costs as provided in §§ 23–3–52 and 23A–27–26,

for the violation of any state law, when collected, shall be paid into the treasury of the proper county, the net proceeds of which shall be applied and used each year for the benefit of the public schools of this state.

additional fine, and disperses it as a fine. I therefore conclude that it was in fact intended as an extension of the fine imposed by SDCL 32–22–16.

Law-trained magistrates have limited concurrent original jurisdiction to try and determine all misdemeanor cases. SDCL 16–12A–22. The maximum pecuniary penalty for a Class 1 misdemeanor is a one thousand dollar fine. SDCL 22–6–2(1).

The magistrate court in this case imposed fines of $88.00 under SDCL 32–22–16 and $1,290.00 under SDCL 32–22–55. This combination renders the fine imposed greater than that permissible under the magistrate court's jurisdiction notwithstanding that SDCL 32–22–16 identifies itself as a Class II misdemeanor.

A want of jurisdiction was not raised on appeal. When the trial court is without jurisdiction the Supreme Court does not acquire jurisdiction by appeal from the trial court's judgment, *Ward v. Viborg School Dist. No. 60–5*, 319 N.W.2d 502 (S.D.1982); *In Re Mackrill's Addition*, 85 S.D. 196, 179 N.W.2d 268 (1970); *Middle Creek Sch. Dist. No. 18 v. Butte County Bd. of Ed.*, 83 S.D. 107, 155 N.W.2d 450 (1968), except by appeal the Supreme Court does acquire jurisdiction sufficient to determine that the trial court had, or lacked, jurisdiction. *Darnall v. State*, 79 S.D. 59, 108 N.W.2d 201 (1961).

Jurisdiction must affirmatively appear from the record, and this Court is required *sua sponte* to take notice of jurisdictional deficiencies, whether presented by the parties or not. *Long v. Knight Const. Co., Inc.*, 262 N.W.2d 207 (S.D.1978); *Estate of Putnam*, 254 N.W.2d 460 (1977); *Sauer v. Bowdle Independent School District No. 36*, 87 S.D. 584, 212 N.W.2d 498 (1973); *In Re Mackrill's Addition, supra.*

Thus, the limited jurisdiction of the magistrate court was exceeded in this case.

I would reverse.

HENDERSON, Justice (dissenting).

For the reasons expressed herein, I would reverse the trial court's ruling and hold SDCL 32–22–55 to be void as it violates the constitutional safeguard against double jeopardy embodied in S.D. Const. art. VI, § 9, and U.S. Const. amend. V.

The Fifth Amendment to the United States Constitution provides in pertinent part: "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb ...." The South Dakota Constitution also protects this personal right and in Article VI, § 9, it provides: "No person shall be compelled in any criminal case to give evidence against himself or be twice put in jeopardy for the same offense." In *State v. Grey Owl*, 316 N.W.2d 801, 803 (S.D.1982), we expressed with respect to this specific Bill of Right composed by our forefathers:

The constitutional guaranty against double jeopardy does three things: (1) it protects against a second prosecution for the same offense after acquittal, *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); (2) it protects against a second prosecution for the same offense after conviction, *In re Nielsen*, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889); and (3) it protects against multiple punishments for the same offense, *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931).

Addressing the multiple punishment issue, the United States Supreme Court stated:

"The argument seems to us irresistible, and we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it."

*United States v. Benz*, 282 U.S. 304,308, 51 S.Ct. 113,114, 75 L.Ed. 354, 357 (1931) (quoting *Ex parte Lange*, 85 U.S. (18 Wall.) 163,173, 21 L.Ed. 872,878 (1874)). "The double jeopardy provision protects an accused not only from a second prosecution, but also from multiple punishments for the same criminal conduct." 1 C. Torcia, *Wharton's Criminal Law* § 54, at 280 (14th ed. 1978). It is multiple punishments that we address in this case and it is vital that we understand our state and national

constitutions upon which to predicate a sound constitutional holding.

In the present case, defendant Feiok was charged with operating an overweight motor vehicle on a public highway in violation of SDCL 32–22–16. This criminal offense is a Class 2 misdemeanor and is subject to a maximum fine of $100.00 or 30 days in the county jail or both. After trial to the court in Magistrate Court, Feiok was found guilty of an SDCL 32–22–16 violation and fined $88.00 plus $12.00 costs. In addition, the Magistrate Court, under the purview of SDCL 32–22–55, exacted another fine in the amount of $1,290.00. We are confronted with this issue: Is the fine imposed under SDCL 32–22–55, in addition to the punishment imposed under SDCL 32–22–16, a double punishment for the same offense and therefore in violation of the state and federal constitutional provisions hereinbefore mentioned?

SDCL 32–22–55 obviously violates the double jeopardy provisions of the United States and South Dakota Constitutions. By operating an overweight motor vehicle on the public highways of this state, a person commits a single criminal violation of SDCL 32–22–16 and a fine is imposed upon those convicted of its violation. One offense—one punishment. SDCL 32–22–55, however, multiplies punishment by providing that any person convicted of operating an overweight vehicle *"shall be fined in addition to and not in substitution for any and all penalties now provided by law for such offense . . . ."* (Emphasis supplied.) One offense—two punishments. The latter statute intensifies, aggravates, and simply goes too far as it exacts a second "fine," a second punishment, "in addition to" any previous fine or previous punishment. That the people are protected from such multiple punishments for the same offense is beyond contention.

The majority opinion seeks to save and preserve SDCL 32–22–55 by denominating the punishment commanded thereunder to be a civil penalty. There is no language to suggest, expressly or impliedly, that this is a civil penalty. Although this Court is not shackled to the literal meaning of words, the statute in question speaks of "fines" and "fine schedules." SDCL 2–14–1 tells us: "Words used are to be understood in their ordinary sense. . . ." The legislature did not use the words "civil penalty." This Court must follow what the legislature said and not what it might have said or should have said or could have said. *Elk Point Ind. Sch. Dist. No. 3 v. State Comm'n on Elementary & Secondary Educ.*, 85 S.D. 600, 187 N.W.2d 666 (1971). We have no right, once it is obvious that a state statute is plain and clear in its meaning, to avoid or produce a particular result.

We have repeatedly stated that when the terms of a statute are clear, certain and unambiguous in their meaning, it is the function of the court to give them effect and not to amend the statute to avoid or produce a particular result.

*Matter of Sales Tax Refund Applications*, 298 N.W.2d 799,802 (S.D.1980) (citing *Elfring v. Paterson*, 66 S.D. 458, 285 N.W. 443 (1939)). "In applying legislative enactments, we must accept them as written. The legislative intent is determined from what the legislature said, rather than from what we or others think it should have said." *Petition of Famous Brands, Inc.*, 347 N.W.2d 882, 885 (S.D.1984). SDCL 32–22–55 imposes an additional fine for those convicted of violating a criminal statute. A "fine" has consistently been defined as a sum of money exacted from a person guilty of crime, as a pecuniary punishment. *Marquart v. Maucker*, 215 N.W.2d 278,281 (Iowa 1974). "Fines" may be distinguished from "penalties" in that fines refer to punishments for violation of criminal law; however, penalties are not so limited. *See* 36 Am.Jur.2d *Forfeitures and Penalties* § 4 (1968).

Had the legislature intended to attach a civil penalty to a criminal violation, it most assuredly would have expressed such an intention. It did not do so. Rather, it imposed a second punishment. Because SDCL 32–22–55 implements an additional criminal punishment by reference to a criminal conviction under which a person has

already been punished, it constitutes double punishment-double jeopardy and is therefore unconstitutional.