STATE of South Dakota, Plaintiff
and Appellee,

v.

Spencer BLAKEY, Jr., Defendant
and Appellant.

No. 15205.

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1986.

Decided Jan. 7, 1987.

Clair B. Ledbetter, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

John E. Harmelink of Harmelink Law Offices, Yankton, for defendant and appellant.

HENDERSON, Justice.

Appellant Spencer Blakey, Jr. (Blakey) was convicted of Trafficking in Stolen Vehicles or Parts under SDCL 32–4–13, and a jury returned a verdict of guilty. Blakey now appeals. We affirm.

Blakey was an independent trucker. According to Blakey, in the Fall of 1980, he was in an accident in Nebraska in which his rig (truck and trailer) sustained damage. Blakey claims that used parts were employed to repair his rig. In fact, on September 29, 1980, Holmes Freight Lines of

Omaha sold a 27–foot dry trailer, wrecked, to Blakey. The serial number was H61425.

In January 1985, Blakey's truck broke down in Ortonville, Minnesota. He left the rig parked near a truck stop. Police and F.B.I. personnel examined the rig. Vehicle identification number (VIN) checks were made on both the trailer and the truck. The cab, VIN 19938, was listed as a 1965 Peterbilt; the registered title owner was Spencer Blakey, title acquired in June 1969. The trailer, VIN H61425, was listed as a 1971 Trailmobile; the registered owner was Spencer Blakey, title acquired in September 1980 in Omaha, Nebraska.

The dashboard panel on the Blakey truck was not from a 1965 Peterbilt; it was made after 1970. The back of the dash panel had VIN 69986 and was listed as a 1975 Peterbilt truck titled to Prairie Ford Sales of Omaha, Nebraska, which was stolen in 1977 and never recovered. The 1975 Peterbilt truck stolen from Prairie Ford was blue: Blakey's cab was blue before being repainted.

Further inspection of the Blakey rig revealed numerous missing identification (ID) tags and obliterations of ID numbers. In addition, the wrecked trailer Blakey bought in Nebraska in 1980 was a 27–foot dry trailer, VIN 61425, whereas the trailer attached to Blakey's truck was a 42–foot refrigerated model bearing the same VIN. Stamped into the 42–foot trailer was VIN 66191 listed to an owner who could not be located.

Blakey was charged with violation of SDCL 32–4–13, Trafficking in Stolen Vehicles or Parts, a law enacted by the State of South Dakota in 1983. Blakey's trial commenced on August 14, 1985. The verdict was guilty. Blakey appealed.

Blakey's appeal raises four issues:

(1) SDCL 32–4–13 is an ex post facto law as it was applied to him;

(2) SDCL 32–4–13 is vague and indefinite;

(3) jury deliberations from 10:15 p.m. to 4:35 a.m. the next day deprived him of a fair and impartial jury; and

(4) the jury instruction was faulty because it did not state that Blakey must know of the stolen parts in order to be convicted.

We treat them seriatim.

## DECISION

### I.

Blakey centers his argument circa the fact that SDCL 32–4–13 was enacted in 1983. He argues that he installed all of the questionable parts prior to 1980. Therefore, he reasons that the application of a 1983 statute to his pre–1980 acts would require this Court to reverse his conviction because the statute is an ex post facto law when the facts are applied to his conduct. We disagree. The statute punishes Blakey not for the pre–1980 acts but for the continued violations that occurred after the statute's enactment. Blakey violated the law after 1983 and therefore SDCL 32–4–13 is not applied retroactively to him. "[A] legislature can impose a penalty on a person for continuing once lawful conduct that the legislature has subsequently declared illegal." J. Nowak, R. Rotunda, & J. Young, *Constitutional Law* 477 (2d ed. 1983) (citing *Samuels v. McCurdy*, 267 U.S. 188, 45 S.Ct. 264, 69 L.Ed. 568 (1925)). *See United States v. Alvarado-Soto*, 120 F.Supp. 848 (S.D.Cal.1954).

### II.

We hold that the statute is not unconstitutionally vague. A statute will be held void for vagueness if the forbidden conduct is so poorly defined "that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application...." *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926). *Accord, State v. Bad Heart Bull*, 257 N.W.2d 715, 720 (S.D. 1977). Two statutes are pertinent for our consideration. SDCL 32–4–13 provides:

Any person or entity knowingly in possession or control of two or more motor vehicles or trailers or their major component parts or assemblies such as, but not limited to, an engine, transmission, chassis, frame, front clip, rear clip, that are stolen, have had their identity obscured,

removed or altered except as an immediate result of the final destruction by crushing, flattening, grinding up or shredding of a vehicle or vehicle part for purposes of recycling its metallic content, have stolen parts on them or are comprised of any combination of the above, is trafficking in stolen vehicles or stolen vehicle parts.

Trafficking in stolen vehicles or stolen vehicle parts is a Class 4 felony.

SDCL 22–1–2(1)(c) provides:

The words "knowledge, knowingly" and all derivatives thereof, import only a knowledge that the facts exist which bring the act or omission within the provisions of any statute. A person has knowledge when he is aware that the facts exist which bring the act or omission within the provisions of any statute. It does not require knowledge of the unlawfulness of such act or omission[.]

■ Blakey advocates that "knowingly," as used in the statute, is vague. We do not think so. The State need not prove that Blakey was certain that the vehicles or parts were stolen or obscured, as Blakey asserts. A statutory violation occurred when Blakey was cognizant of certain facts which should have caused him to believe that his vehicles or parts were stolen or obscured. *See State v. Beale*, 299 A.2d 921 (Me.1973). *See also*, W. LaFave & A. Scott, *Substantive Criminal Law* § 3.5(b), at 306 (1986). The word "knowledge" is clearly defined in SDCL 22–1–2(1)(c) and is not vague as used in SDCL 32–4–13. A jury found that Blakey had the knowledge required; it found that Blakey "knowingly possessed." *Cf.* SDCL 22–1–2(1)(c) ("knowledge") with SDCL 22–1–2(1)(b) ("intent"). Intent "import[s] a specific design to cause a certain result or ... a specific design to engage in conduct of that nature[.]" SDCL 22–1–2(1)(b).

### III.

■ Deliberations of this jury began on August 15, 1985 at 10:11 p.m. A verdict was returned after continuous deliberation at 4:40 a.m. on August 16, 1985. We believe that this is too late to submit a felony case for deliberation, but it does not rise to the level of reversible abuse of discretion or coercion. This Court has held that the circuit court has wide discretion in setting jury deliberation time periods. *State v. McNamara*, 325 N.W.2d 288, 291 (S.D. 1982) (citing *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), and *State v. Ferguson*, 84 S.D. 605, 175 N.W.2d 57 (1970)). In general, the trial judge may keep the jury confined for a reasonable time to enable them to reach a verdict. *Mills v. Tinsley*, 314 F.2d 311, 313 (10th Cir.), *cert. denied*, 374 U.S. 847, 83 S.Ct. 1907, 10 L.Ed.2d 1067 (1963). It is impossible to identify a specific period as reasonable or to lay down one rule to apply in all situations. *See, id.; Hyde v. United States*, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912).

Error is found if the circuit court coerces the verdict. *McNamara*, 325 N.W.2d at 291. We see no coercion of the verdict. There were no complaints of fatigue, exhaustion, and weariness of jurors causing a coerced verdict. There are simply no indications of coercion in the record and there were no improper instructions concerning the jury given by the trial court.

### IV.

A crime consists of a mental and a physical component. *See* W. LaFave, *supra* at § 3.4; Wharton's Criminal Law § 25 (C. Torcia 14th ed. 1978); 22 C.J.S. *Criminal Law* § 29 (1961). *See, e.g., State v. Huber*, 356 N.W.2d 468, 471 (S.D.1984); *State v. Feyereisen*, 343 N.W.2d 384, 386 (S.D. 1984). With statutory crimes, the requisite mental state is usually listed in the statute and defined statutorily. *See* W. LaFave, *supra* at § 3.4. Blakey overlooks that the Legislature is empowered to determine the mental component of a crime. *See State v. Nagel*, 279 N.W.2d 911, 915 (S.D.1979).

■ Blakey essentially contends that the trial court erred when it did not specify that guilt could be found only if he "had actual knowledge" of the stolen vehicle, parts, or obliterations. We note that the trial court instructed the components of this statutory offense by following the two statutes above quoted. Blakey contends that the instruction on knowledge was not

identical to the statute, that is, that the trial court did not recite the entire statute. This is not necessary. It is sufficient if the judge's instructions to the jury include the elements of the crime charged. *Cahill v. People,* 111 Colo. 29, 137 P.2d 673 (1943); *State v. Magill,* 19 N.D. 131, 122 N.W. 330, 331 (1909). We are convinced the trial judge correctly set forth the elements of the charge, for knowledge was defined as the mental component and knowledge was defined, as based upon the statutory definition.

We therefore affirm the conviction in all respects.

All the Justices concur.

FOSHEIM, Retired Justice, participating.

MILLER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.