**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Gregory BARBER, Defendant and Appellant.**

**No. 15862.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 19, 1988.

Decided Aug. 10, 1988.

Roger A. Tellinghuisen, Atty. Gen., Richard D. Coit, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Gary G. Colbath of Banks, Johnson, Johnson, Colbath and Huffman, Rapid City, for defendant and appellant.

WUEST, Chief Justice.

## ACTION

Gregory Barber (Barber) appeals the trial court's imposition of a civil penalty for his possession of less than one ounce of marijuana. We affirm.

## FACTS

After a jury trial, Barber was found guilty of possession of less than one ounce of marijuana, a class 2 misdemeanor (SDCL 22–42–6). Barber was sentenced to 30 days in jail and a $100 fine (the maximum criminal sentence for a class 2 misdemeanor under SDCL 22–6–2). In addition, the trial court imposed a $750 civil penalty on Barber pursuant to the provisions of SDCL 22–42–6.

## DECISION

### ISSUE I

Whether the civil penalty provision of SDCL 22–42–6 (possession of marijuana) is unconstitutional?

SDCL 22–42–6 provides in pertinent part:

No person may knowingly possess marijuana. It is a Class 2 misdemeanor to possess one ounce or less of marijuana.... A *civil penalty may be imposed, in addition to any criminal penalty, upon a conviction of a violation of this section not to exceed ten thousand dollars.*

(emphasis added).

The emphasized sentence was added to the possession statute (SDCL 22–42–6) by amendment in 1986. 1986 S.D.Laws ch. 185, § 4. Barber now urges this court to declare the civil penalty provision unconstitutional. Barber argues that the civil penalty allowed under SDCL 22–42–6 exceeds the maximum criminal fine for a class 2 misdemeanor ($100 under SDCL 22–6–2) thereby violating the prohibition of the eighth amendment to the Constitution of the United States (U.S. Const. amend. VIII) against cruel and unusual punishment.

Barber's contentions require this court to determine whether the civil penalty provision of SDCL 22–42–6 (possession of marijuana) is truly a "civil" sanction or if, despite its label, it is criminal in nature. If the penalty is a criminal sanction, the prohibition of the eighth amendment against cruel and unusual punishment is applicable (*Ingraham v. Wright*, 430 U.S. 651, 664–671, 97 S.Ct. 1401, 1408–1412, 51 L.Ed.2d 711, 725–730 (1977); *Powell v. Texas*, 392 U.S. 514, 531, 88 S.Ct. 2145, 2154, 20 L.Ed.2d 1254, 1267 (1968)) and we must resolve whether its imposition violates the eighth amendment. However, if the penalty is truly a "civil" sanction, the eighth amendment is inapplicable (*Id.*) and its imposition in addition to the criminal penalty is constitutionally permissible (*State v. Feiok*, 364 N.W.2d 536, 540 (S.D.1985)).

■ The analysis for determination of whether a penalty is civil or criminal in nature is outlined in *State v. Feiok, supra, citing United States v. Ward*, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980). The reviewing court first determines whether the legislature indicated an express or implied preference for one label or

the other in establishing the penalizing mechanism. *Feiok*, 364 N.W.2d at 538. If this review indicates that the legislature intended to establish a civil penalty, the next step is to determine whether the statutory scheme is so punitive either in purpose or in effect as to negate that intention and turn the civil penalty into a criminal penalty. *Id.* at 538–539.

■ Applying the first step of the analysis, we are convinced that the legislature clearly intended to establish a civil penalty, in addition to the criminal penalty, for possession of marijuana (SDCL 22–42–6). We reach this conclusion for three reasons. First, SDCL 22–42–6, which already contained a criminal penalty for the offense (*see* SDCL 22–42–6 (Supp.1985)), was amended in 1986 by adding the *civil* penalty clause to the statute. 1986 S.D.Laws ch. 185, § 4. Second, the civil penalty provision of SDCL 22–42–6 specifically states that the civil penalty may be imposed, *"in addition* to any criminal penalty...."* (emphasis added). Third, the civil penalty provision of SDCL 22–42–6 uses the express label, *"civil* penalty." (emphasis added). The U.S. Supreme Court has found the use of such a label significant in determining the legislature's intent in this area, particularly if as in this instance, it is used in juxtaposition with a preceding criminal penalty. *Ward*, 448 U.S. at 249, 100 S.Ct. at 2641, 65 L.Ed.2d at 749–750.

The next step in our analysis is to determine whether, despite the legislature's intent to establish a civil penalty for possession of marijuana (SDCL 22–42–6), the statutory scheme is so punitive in purpose or effect as to negate this intention. *Feiok*, 364 N.W.2d at 540. In this regard, only the clearest proof will suffice to establish the unconstitutionality of the statute. *Ward*, 448 U.S. at 249, 100 S.Ct. at 2641, 65 L.Ed.2d at 749. In resolving this second inquiry, seven factors are considered:

■ Whether the sanction involves an affirmative disability or restraint, [2] whether it has historically been regarded as a punishment, [3] whether it comes into play only on a finding of scienter, [4] whether its operation will promote the traditional aims of punishment—retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned....

*Feiok*, 364 N.W.2d at 540 *citing Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). These considerations, "although neither exhaustive nor dispositive, are helpful and provide some guidance." *Feiok*, 364 N.W.2d at 540.

Of the above considerations, Barber appears to couch his position in this appeal in relation to factors 5 and 7. Therefore, we will address factors 5 and 7 without explicitly setting forth our assessment of the other five factors.

With regard to factor 5, whether the behavior to which the sanction imposed by SDCL 22–42–6 is already a crime, the legislature may impose both a criminal and a civil sanction for the same act or omission. *Feiok*, 364 N.W.2d at 540. Moreover, the separation of criminal and civil penalties within the same statute, (SDCL 22–42–6) also weakens Barber's contentions relating to the fifth factor. *See Ward*, 448 U.S. at 250, 100 S.Ct. at 2642, 65 L.Ed.2d at 750 *citing Helvering v. Mitchell*, 303 U.S. 391, 404, 58 S.Ct. 630, 636, 82 L.Ed. 917, 925 (1938). We also find significant the fact that the civil penalty clause of SDCL 22–42–6 was added in 1986, sixteen years after the current enactment criminalizing the offense of possession of marijuana (1970 S.D. Laws ch. 229, § 10(c)). "The substantial length of time that elapsed between the enactment of the criminal penalty and the subsequent civil penalty dilutes the force of the claim that the latter is criminal in nature." *Feiok*, 364 N.W.2d at 540.

With respect to the seventh factor, the excessiveness of the civil sanction in relation to the purpose assigned to it, we find that the civil penalty allowed under SDCL 22–42–6 (possession of marijuana) is not so clearly excessive as to bear no relationship to the purpose for which it is imposed.

Drug abuse is a peril to society and particularly to our youth. *State v. Pettis,* 333 N.W.2d 717, 720 (S.D.1983). The costs to society in terms of the health and mental well-being and lost potential of young people involved in such activity are incapable of estimation. Further, in attempting to curb drug abuse, society is required to expend ever increasing financial resources in law enforcement and drug awareness and prevention campaigns. *See, e.g.,* the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, §§ 1001–15007, 100 Stat. 3207–2—3207–192 (1986). The civil penalty allowed under SDCL 22–42–6 for possession of marijuana is of but little recompense to society for these costs.

Therefore, under the tests set forth in *State v. Feiok,* we find that the penalty prescribed in the last sentence of SDCL 22–42–6 (possession of marijuana) is civil in nature and not criminal and is permitted under the Constitution. As a result we need not further address Barber's cruel and unusual punishment contentions under the eighth amendment. *Ingraham,* 430 U.S. at 664–671, 97 S.Ct. at 1408–1412, 51 L.Ed.2d at 725–730; *Powell,* 392 U.S. at 531, 88 S.Ct. at 2154, 20 L.Ed.2d at 1267.

### ISSUE 2

■ Whether the civil penalty provision of SDCL 22–42–6 (possession of marijuana) is unconstitutionally void for vagueness?

Initially we note:

One who attacks a statute, alleging unconstitutionality, must prove its invalidity beyond a reasonable doubt; if any reasonable basis may be conceived which supports the statute, it will be upheld, and the challenger must negate all possible bases. *Board of Ed. of Com. Sch. D. v. Board of Ed. of Hardin Co.,* 260 Iowa 217, 149 N.W.2d 187 (1967). All presumptions are indulged in favor of constitutionality. *Berens v. Chicago, Milwaukee, St. Paul & Pacific R. Co.,* 80 S.D. 168, 120 N.W.2d 565 (1963).

*State v. Shult,* 380 N.W.2d 352, 356 (S.D. 1986) *citing County of Tripp v. South Dakota,* 264 N.W.2d 213, 218 (S.D.1978).

Further:

[a] statute will be held void for vagueness if the forbidden conduct is so poorly defined "that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application...." *State v. Blakey,* 399 N.W.2d 317, 318 (S.D.1987) (quoting *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926)). *Accord, State v. Bad Heart Bull,* 257 N.W.2d 715, 720 (S.D.1977). The proscription against vagueness emanates from the Due Process Clause's mandate that people be given fair notice of prohibited conduct. *See Connally,* 269 U.S. at 391, 46 S.Ct. at 127, 70 L.Ed. at 328; 21 AmJur2d Criminal Law § 17 (1981).

*State v. Eagle Hawk,* 411 N.W.2d 120, 124 (S.D.1987).

Applying these considerations to the civil penalty clause of SDCL 22–42–6 (possession of marijuana), we find that Barber has failed to carry his burden of establishing the unconstitutionality of the provision. The behavior leading to imposition of the civil penalty is clearly defined and unambiguous. The trial court was well within its discretion in imposition of the $750 civil penalty in this case.

Based upon the foregoing reasons, the civil penalty imposed in this case is affirmed.

MORGAN and MILLER, JJ., concur.

SABERS, J., dissents.

HENDERSON, J., disqualified.

SABERS, Justice (dissenting).

Barber was charged with unlawful possession of more than ten pounds of marijuana in violation of SDCL 22–42–6, a Class 4 felony. A jury found him guilty of the lesser-included offense of possession of less than one ounce of marijuana, a Class 2 misdemeanor.

An obvious question arises with regard to the additional "civil penalty" imposed on Barber. Is this simply a way to punish wrongs for which the State failed to get a conviction? In substance, how does this

"civil penalty" differ from a fine imposed within a criminal statute?  Under *State v. Weiker*, 366 N.W.2d 823, 825 (S.D.1985), punishment is unconstitutional if it makes no measurable contribution to acceptable goals of punishment and is a pointless infliction of suffering or is grossly disproportionate to the severity of the crime.  In this case the "civil penalty" assessed is seven and one-half times the maximum statutory fine for the Class 2 misdemeanor.  Under the majority opinion the court could have imposed a $10,000 "civil penalty" which would have been 100 times the maximum statutory fine for this Class 2 misdemeanor.  Such a penalty may be proportionate to the severity of the crime *as charged* but is grossly disproportionate to the severity of the crime for which Barber *was convicted*.

This so-called "civil penalty" of $750 was superimposed upon the maximum "criminal penalty" for a Class 2 misdemeanor of 30 days in jail and $100 fine.  This so-called "civil penalty" appears in Title 22 entitled "CRIMES" and can only be imposed upon conviction of a criminal, not civil, violation.

There is an old saying that if something looks like a duck, walks like a duck, and talks like a duck, it probably is a duck.  Since this so-called "civil penalty" looks like a criminal penalty, walks like a criminal penalty, and talks like a criminal penalty, it probably is a criminal penalty.  More importantly, it punishes like a criminal penalty and should be judged accordingly.  As such, it constitutes an impermissible "double punishment" for a single criminal offense.  *State v. Huftile*, 367 N.W.2d 193 (S.D.1985).  Therefore, this case should be reversed and remanded for imposition of the maximum criminal penalty, and no more.