GEORGE H. SINNER V. STATE OF NEBRASKA.

FILED APRIL 19, 1935. No. 29329.

*C. L. Stewart* and *Waring & Waring,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Milton C. Murphy, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

A transcript of proceedings had in the county court, being part of the record here, shows that on February 15, 1934, a complaint was filed in the county court charging that on or about October 7, 1932, George H. Sinner wilfully and maliciously defaced, mutilated, destroyed and abstracted a part of a police judge docket, property of the city of Sutton. By section 28-711, Comp. St. 1929, such act is a misdemeanor, punishable by fine not exceeding $300 or by imprisonment in the county jail not exceeding three months, or both. The transcript shows that on February 26, 1934, defendant was tried, was "found guilty and fined 60 days in county jail and ordered to pay costs. Notice of appeal was given in open court and bond fixed in the sum of $300." The appeal bond was given and on the same day was approved by the county judge. It appears from the evidence in the instant case that on March 13, 1934, the appeal was dismissed in the district court because the appeal bond was defective.

Then on March 21, 1934, Sinner gave bond and began proceedings in error in the district court. May 22, 1934, the cause was tried in the district court and the petition in error was denied. After the overruling of a motion for new trial, proceedings in error were brought to this court.

Several witnesses testified they were present when the defendant was sentenced by the county court and that the sentence orally announced by the court was that defendant was fined 60 days in the county jail and ordered to pay the costs.

The county judge was a witness in the district court. He produced in evidence a journal entry covering the hearing and sentence. It recited that "defendant was found guilty and sentenced to 60 days in county jail and ordered to pay costs." But the witness testified that the entry did not appear among the original files delivered to the clerk of the district court. This entry did not appear in the transcript filed in the district court. No supplemental transcript was ever filed in the district court. It does not appear that this new journal entry was ever entered upon the records in the county court. Indeed, the testimony of the county judge is hazy as to when the entry was drawn and signed by him. The nearest he comes to identifying the time when the entry was drawn, or at most placed in the files, was after the appeal came back from the district court. The page of the docket where all entries in the cause appeared do not show any such entry and the transcript of the proceedings (which do not contain any such entry) was duly certified by the county judge in these error proceedings. There are indications in his testimony that lead to the probable inference that the witness never knew the point on which the proceedings in error were based and therefore did not make the journal entry until after the error proceedings were instituted in the district court. Be that as it may, it was not of record in the county court and cannot be considered as a journal entry duly made, correcting or otherwise

modifying the sentence originally entered, and entitled to be relied upon both by defendant and by the state. We must accept the transcript as importing verity and to the effect that defendant was fined 60 days in the county jail.

Can one properly be said to be fined by punishment in jail? Webster's New International Dictionary defines a fine as "A certain payment of money imposed as punishment for an offense."

"The term 'fine' has a distinct meaning; it is a pecuniary punishment imposed by a lawful tribunal upon a person convicted of crime or misdemeanor." 25 C. J. 1148, citing many cases defining the word as involving pecuniary qualities. The statute, which defendant was charged with violating, providing both fine and imprisonment in jail as its penalties. The court was authorized to "fine" him in any sum up to $300 or imprison him not exceeding three months. It was certainly, at the least, anomalous to "fine" defendant 60 days in the county jail. It was ambiguous and inaccurate. Did the sentence contemplate that defendant was fined $180, to lay out which would require defendant to be imprisoned 60 days under the provisions of section 29-2412, Comp. St. 1929?

The punishment or sentence imposed by the court in a criminal case should be stated with sufficient certainty to enable the officer to execute it. 8 R. C. L. 230, sec. 226. Because of the uncertainty and ambiguity of the sentence, we are of the opinion it was erroneous, but that it was not void. It was challenged in time that it may be corrected without injustice either to defendant or to society, represented here by the sovereign state.

The accused having been convicted of the violation of a statute in a criminal cause tried before a county judge, the district court had power to review on error proceedings. Comp. St. 1929, sec. 29-617. Upon hearing of a petition in error, the district court was authorized to reverse the judgment in whole or in part. Comp. St. 1929, sec. 29-621.

Upon development of the facts we have outlined, we think the district court erred in not reversing the cause and sending it back to the county court so as to give the county court an opportunity to resentence the defendant by pronouncing and recording a sentence in accord with the statute under which defendant was tried.

Minor propositions are raised in appellant's assignment of errors and brief, but it is unnecessary to consider them in view of the position we have already taken. The judgment of the district court is reversed, with directions to remand the cause to the county court with instructions to resentence defendant.

REVERSED.