**Patricia MARQUART, Appellant,**

v.

**J. W. MAUCKER et al., Appellees.**

**No. 55549.**

Supreme Court of Iowa.

Feb. 20, 1974.

C. A. Frerichs, Waterloo, for appellant.

Reed, Merner, Sindlinger, Baker & Sabbath, Cedar Falls, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

MASON, Justice.

Plaintiff, Patricia Marquart, appeals from an adverse ruling on defendants' motion for adjudication of law points. Rule 105, Rules of Civil Procedure. Plaintiff, a former employee of the University of Northern Iowa, instituted a law action against J. W. Maucker, president of the University, James L. Bailey, its treasurer, D. R. Walton, director of personnel, and Ivan L. Eland, an instructor and head of the Traffic and Safety Committee, seeking a return of money withheld from her final pay check for violations of University parking regulations which had accumulated against her.

The University at its Cedar Falls campus owned and operated several parking lots or facilities some of which were used by plaintiff during the course of her employment at the University. The University established various rules and regulations for the use of the parking lots; fines were levied and summonses issued to violators of these rules and regulations. Plaintiff had been issued 13 tickets, each indicating the offense and setting forth the schedule of fines for violations of said rules. Plaintiff failed to pay the fines allegedly owing and upon receiving her pay check and earning statement on November 26, 1969, discovered that the amount of $100.75 had been withheld from her pay by the University. Present Code section 262.69 had not then been enacted.

Thereafter, plaintiff filed suit alleging that the withholding of part of her salary was arbitrary and unauthorized; the actions of the defendants were outside the scope of their authority and employment and their actions had not been approved, authorized, ratified or condoned by the state of Iowa; and that the conduct of the defendants was intentional, willful, malicious, illegal and with the express purpose of oppressing and damaging plaintiff. In addition to the return of the $100.75 withheld plaintiff asked both compensatory and punitive damages in a total sum of $10,000.

Defendants filed special appearance challenging the jurisdiction of the court which was sustained over plaintiff's resistance. Plaintiff appealed from that ruling. This court reversed and remanded for further proceedings. Marquart v. Maucker, 184 N.W.2d 684 (Iowa 1971). Section 262.69 was later enacted.

Various motions, resistances and rulings thereon which were filed after remand are not relevant to the issues presented on this appeal and will not be set out here.

In answer to plaintiff's petition defendants in a separate division alleged as affirmative defenses:

"1. That the University of Northern Iowa has the power to establish parking

lots for use by its faculty and employees, and further to promulgate rules and regulations in connection with the operation and enforcement thereof, and to assess rents, fees, charges and penalties to implement and carry out said rules and regulations.

"2. That the University of Northern Iowa has the further right and power to withhold from the faculty or employees' paychecks such amount of rents, fees or charges as are due and owing and unpaid at the time of the issuance of such payroll checks.

"3. That the University of Northern Iowa has the power to do and perform the aforesaid acts by and through its agents, and particularly by and through the Defendants herein.

"WHEREFORE, Defendants pray that Plaintiff's Petition be dismissed at Plaintiff's costs."

Defendants simultaneously filed motion to separately hear and determine points of law raised by the quoted paragraphs of their affirmative defenses as to the power of the University of Northern Iowa to do and perform the acts alleged therein. Following plaintiff's reply and resistance hearing was had and the trial court entered its ruling answering each of the paragraphs in the affirmative.

Plaintiff relies on three errors for reversal. She contends the trial court erred in ruling as a matter of law that the University of Northern Iowa had the power: (1) to assess fines or penalties for parking violations; (2) to withhold fines or penalties from the pay check of an employee; and (3) to delegate authority to its employees to make rules, assess fines and penalties for violation of these rules, and to enforce collection of fines or penalties by payroll deduction without consent.

The issue presented by the foregoing assignments concerns the ability of the State Board of Regents, and through them the University of Northern Iowa, to promulgate parking rules and regulations for the University's parking lots, and thereafter to levy fines against offenders of such rules and regulations, and thereafter to withhold amounts of unpaid fines from an offender-employee's pay check.

I. Plaintiff maintains the real issue raised by her first assignment is not whether the University had power to charge rents and fees for the use of such facilities but whether it had the power to levy and assess fines for a violation of the parking regulations.

Defendants in support of the trial court's ruling challenged by this assignment point out that paragraph 1 of division II of their answer which is set out earlier contains three parts: the first was the authority of the University to establish parking lots, the second deals with the authority to establish rules and regulations for the government of those parking facilities and the third relates to the question of the University's authority to impose sanctions, assess rents, fees, charges and penalties.

Plaintiff in reply to defendants' affirmative defense asserted in paragraph 1 stated "that she denies paragraph 1 except that she admits that the University of Northern Iowa has the power to establish parking lots for use by its faculty and employees."

Plaintiff concedes in written argument that in 1969 under the authority given to them by chapter 262, The Code, the Board of Regents had statutory authority to create parking lots for the University of Northern Iowa; they undoubtedly had the right to turn over the management and operation of the parking lots to the University and, as a self-liquidated revenue producing facility, the University could undoubtedly enter into contracts renting out parking space in the parking lots.

Plaintiff however, denies that the Regents had legislative authority to promulgate rules and regulations for the use of these parking facilities, the breach of which would constitute a public offense

punishable by a fine or other penalty. Since the Regents did not have this authority it could not delegate the power to the University. Thus, defendants were acting outside the scope of their authority and employment when they deducted $100.-75 from plaintiff's pay check.

Plaintiff insists that since defendants admitted they were claiming plaintiff had committed offenses and that the schedule of fines as a penalty for said offenses was in the amount of $100.75 they are precluded from attempting to justify the withholding from plaintiff's check on the theory there was a debt owing the University by reason of a relationship of landlord and tenant created between plaintiff and the University by virtue of a contract to lease her space in the University parking facility.

In support of this contention plaintiff directs our attention to paragraph 9 of her petition in which she alleged: "That on or about November 17, 1969, plaintiff was mailed by the defendants a report. of the *offenses* purportedly committed by her and the schedule of *fines* as a penalty for said offenses in the amount of $100.75, a copy of which is attached hereto, marked Exhibit 'C', and by reference made a part hereof." (Emphasis supplied)

Defendants in answer admitted this paragraph.

It must be conceded as urged by plaintiff that nowhere in the pleadings, motions or rulings of the court is there any allegation that the relationship of landlord and tenant existed between plaintiff and the University.

Plaintiff maintains defendants cannot point to any statutory authority giving them the power to create an offense punishable by fine, penalty or forfeiture for the violation of parking regulations of the University; therefore, defendants' action is a violation of due process.

In regard to plaintiff's contention defendants lacked direct legislative authori-

zation it is to be noted the factual situation giving rise to this lawsuit occurred before chapter 262, The Code, was amended by the First Session of the Sixty-fourth General Assembly, chapter 160, section 1, which now appears as section 262.69, The Code.

Defendants respond to plaintiff's first assignment by asserting three brief points: (1) the University of Northern Iowa has authority to establish parking lots; (2) the University has authority to establish rules and regulations for the government of campus parking lots; and (3) the University has authority to enforce the rules and regulations issued in connection with the operation of parking lots and to assess rents, fees, charges and penalties to implement and carry on those rules and regulations. The foregoing brief points are substantially identical to the three parts of paragraph 1 of division II of defendants' answer.

The proposition asserted in defendants' first brief point is not disputed. It was admitted in plaintiff's pleadings and conceded in written argument. See Brack v. Mossman, 170 N.W.2d 416 (Iowa 1969). The proposition urged in the second brief point cannot be logically challenged. See section 262.44(3). The pertinent parts of the entire Code section appear in Brack v. Mossman, 170 N.W.2d at 420–421 and will not be repeated here.

Defendants' third brief point predicated upon the third part of paragraph 1 of division II of their answer is the basis of the controversial issue raised by the first assignment. This involves authority of the University to levy and assess rents, fees, charges, fines and penalties to implement carrying out the rules and regulations pertaining to parking facilities.

Granting the University had authority to establish parking facilities at its Cedar Falls campus and also had authority to establish rules and regulations to operate, manage and control such facilities, defendants maintain the University has implied

authority to enforce those rules and regulations to the extent and in the manner employed here.

Plaintiff, on the other hand, contends the real question is not whether the University had power to charge rents and fees for the use of such facilities but whether it had the power to adopt parking regulations, the breach of which would constitute a public offense punishable by a fine or other penalty.

██ In dealing with plaintiff's contention it must be first determined what is meant by a "fine." In ordinary legal phraseology a "fine" is a pecuniary punishment which may be legally imposed or assessed only by a lawful tribunal in a case wherein it has jurisdiction, properly invoked, of the offense charged and of the person of the accused. It is the sentence pronounced by the court for the violation of a criminal law, the amount of which may be fixed by law or left in the discretion of the court. Frazier v. Terrill, 65 Ariz. 131, 135, 175 P.2d 438, 441; Sinner v. State, 128 Neb. 759, 760, 260 N.W. 275, 276; State v. Rumfelt, 241 N.C. 375, 376, 85 S.E.2d 398, 400; Murphy v. State, 119 Or. 658, 250 P. 834, 49 A.L.R. 384; Commonwealth v. Dressell, 174 Pa.Super. 39, 42, 98 A.2d 430, 432; 36A C.J.S. Fines §§ 1 and 5.

Defendants concede at one point in written argument a fine is a sum of money exacted of a person guilty of a crime but argue plaintiff was not charged with a crime. They contend the amount withheld from her check represented penalties imposed for violations of campus parking regulations; the schedule of parking regulations and of fines set forth in exhibit A attached to plaintiff's petition gives rise to penalties and penalties are not fines.

Defendants' argument in this respect is not persuasive in view of their admission in the pleadings that they were claiming plaintiff had committed *offenses* and the schedule of *fines* for said offenses was in the amount of $100.75. Examination of exhibit A shows the violation or ticket form states in heavy type and capital letters approximately halfway down, "Schedule of Fines."

Defendants in support of their contention the University had implied authority to enforce rules and regulations governing parking facilities in the manner employed here rely on section 262.9, subsections 3, 4 and 11.

The only other statute relating to parking or traffic control at Iowa universities is section 262.68, The Code, which involves speed limit on institutional grounds. The statute stated a maximum limit and authorized the Regents to establish the limit at certain places as it saw fit. The limit would be effective upon proper posting of signs at the designated area. A penalty of a fine or imprisonment was also provided for upon conviction.

We conclude authority to adopt parking regulations, the breach of which would constitute a public offense punishable by a fine or other penalty, cannot be implied under the general power conferred by these statutes.

We do not find support for defendants' position on the issue before the court in the cases they cite which include: Brack v. Mossman, 170 N.W.2d 416 (Iowa 1969); State Board of Regents v. United Packing House, Etc., 175 N.W.2d 110 (Iowa 1970); Radcliffe College v. City of Cambridge, 350 Mass. 613, 215 N.E.2d 892; State v. Neill, 397 S.W.2d 666 (Mo.1966); Cornette v. Aldridge, 408 S.W.2d 935 (Tex. Civ.App.1966); Bright v. Nunn, 448 F.2d 245 (6 Cir. 1971); Soglin v. Kauffman, 418 F.2d 163 (7 Cir. 1969); Esteban v. Central Missouri State College, 415 F.2d 1077 (8 Cir. 1969); Cohen v. Mississippi State Univ. of Agr. & A. Science, 256 F. Supp. 954 (E.D.Miss.1966); and Barker v. Hardway, 283 F.Supp. 228 (S.D.W.V. 1968).

However, defendants seek to sustain their authority to withhold from plaintiff's pay check on another basis. They argue

that since plaintiff breached her contract of employment, a condition of which was to obey the University parking rules and regulations, and had been afforded a hearing procedure to determine if the rules were in fact broken, the $100.75 became a debt owed to the University and as a debt the amount is deductible from plaintiff's wages by way of setoff. In this connection they contend the schedule of *fines* set out in paragraph 16 of the University's parking regulations (exhibit A) merely creates a system of liquidated damages whereby the parties can determine the damages incurred for the violation of its rules and regulations.

In other words, defendants seem to argue plaintiff's failure to contest the summonses issued for parking violations reduced the claim of the University to a debt owing from plaintiff to the University and that section 262.15 coupled with other provisions of this chapter provides implied authority to withhold from an employee's payroll check, as was done here.

The cited statute provides: "Foreclosures and collections. The board shall have charge of the foreclosure of all mortgages and of all collections from delinquent debtors to said institutions. All actions shall be in the name of the state board of regents, for the use and benefit of the appropriate institution."

It is doubtful, to say the least, that the foregoing theory has any basis in the record. Nothing is mentioned as to the terms of any contract of employment in any of the pleadings, motions or rulings other than plaintiff's allegation in her petition she was employed by the University as a secretary.

Assuming arguendo there is some basis for defendants' argument, they rely on 1972 OAG 296, 298, where it is said: "* * * And the university has a legal right to set-off against salary actual debts owed by an employee to it, even without statutory authorization or the employee's consent."

The quotation is unsupported by authority and is in connection with an opinion which deals with the question whether an Iowa university may deduct union dues, retirement plans, contributions and parking from an employee's pay check in the absence of statutory authority when the employee makes a voluntary written request the deductions be made. We are not persuaded it helps defendants here.

Defendants' argument is predicated on the premise the University has authority to create a debt owing to itself because of a failure to appeal a parking violation and thus have the ability to collect it under the implied authority granted by section 262.15.

We refuse to adopt the argument as a basis for sustaining the trial court's ruling in this matter.

■ We hold the Board of Regents was without authority to establish rules and regulations for the operation, management and control of parking facilities established at the Cedar Falls campus of the University of Northern Iowa, the breach of which would constitute a public offense punishable by a fine or other penalty.

Obviously, it follows from our holding since the Board of Regents was without authority they could not delegate authority claimed here to the University of Northern Iowa.

The trial court erred in holding otherwise.

II. In view of our determination in division I it is unnecessary to reach plaintiff's second and third assignments of error which are set out earlier.

For further proceedings, the case is therefore—reversed and remanded.