■ In the Matter of CHARLES BAKER, Appellant, v JOHN WILMOT, as Superintendent of the Elmira Correctional Facility, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered January 6, 1978 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78. Petitioner, an inmate at the Elmira Correctional Facility, took two sheets and a pillowcase from his cell to the shower room at the facility, and thereafter reported that the linen was stolen while he was taking a shower. He was charged with a violation of correctional institutional rule 1.40, which prohibits the loss or destruction of State property, and was given notice that a misbehavior report had been filed. Petitioner met with the adjustment committee and admitted that the linen had been stolen while he was taking a shower. The committee recommended a superintendent's proceeding and three days later petitioner received a formal written charge. The proceeding was held June 27, 1977 and "restitution in the amount of ($10.51) to be charged to any funds standing to his [petitioner's] credit or any future funds earned by him" was ordered. The departmental review board affirmed and petitioner commenced this article 78 proceeding seeking to annul the determination. Special Term dismissed petitioner's application and this appeal ensued. Petitioner contends that the rules and regulations authorizing restitution

for lost or damaged property deprive the petitioner of due process because there is no statutory authority for the promulgation of rules and regulations which so provide and the State has alternative means available to secure reimbursement. We disagree. The Correction Law gives the commissioner broad authority to make such rules and regulations "for the government and discipline of each correctional facility, as he may deem proper" (Correction Law, § 112, subd 1), and to "provide for such measures as he may deem necessary or appropriate for the safety, security and control of correctional facilities and the maintenance of order therein." (Correction Law, § 137, subd 2.) Accordingly, we conclude that the commissioner had authority to promulgate rules and regulations establishing restitution as the penalty for specific conduct, regardless of whether the State has other means available to recover for lost or damaged property. Next, petitioner contends that the superintendent's proceeding report did not set forth the evidence relied upon and the reasons for the disciplinary action taken, as required by due process *(Wolff v McDonnell,* 418 US 539, 563) and departmental regulations (7 NYCRR 253.4 [i]). The report, however, states that the decision was based on petitioner's testimony, a review of all reports, which were listed, and a discussion with Correction Officer R. Marks, and concludes that all charges are affirmed. Moreover, the record is sufficient to provide a written basis for administrative or judicial review of the actions of the prison authorities, which is the purpose of the written statement requirement *(Matter of Amato v Ward,* 41 NY2d 469, 472). Thus, the report complies with the mandates of both the regulation and due process. Finally, since petitioner clearly failed to maintain possession of the linen, there is ample support for the commissioner's determination, pursuant to 7 NYCRR 253.5 (a) (6) and (b) (4), ordering restitution for loss of State property. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Larkin, JJ., concur.