**Mark SAULS, Appellee, Cross–Appellant,**

v.

**STATE of Iowa, Appellant, Cross–Appellee.**

No. 89–1318.

Court of Appeals of Iowa.

Dec. 27, 1990.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., Suzie A. Berregaard, Asst. Atty. Gen., for appellant.

Philip B. Mears of Mears, Zimmerman & Mears, Iowa City, for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Respondent, State of Iowa, appeals a district court ruling granting petitioner Mark Sauls' request for postconviction relief and disallowing assessment of certain alleged costs of a prison disciplinary action. Sauls cross-appeals portions of the same ruling denying his claim that he was entitled to counsel substitute during his disciplinary hearing, and he claims the postconviction court was in error in restricting aspects of a hearing officer's cross-examination. We reverse on the appeal and affirm the dismissal of the cross-appeal.

Prison inmates Sauls and Haviland allegedly threatened to kill a third inmate, Drake. Because of these threats, Drake was placed in protective segregation, where he was unable to perform his prison job. However, because Drake's segregation did not result from any conduct of his own, prison authorities continued to pay Drake his normal prison wage of $2.10 per day. Drake was paid a total of $63 for time when he was unable to work.

As a result of the threat on Drake's life, inmate Sauls was accused of violating several prison rules. The prison disciplinary committee imposed several punishments on Sauls, including a requirement that Sauls repay half the wages paid to Drake for time he could not work. (Haviland was directed to pay the other half of the wages in question.)

Sauls challenged the prison disciplinary action by filing an application for postconviction relief. The district court denied most of the relief sought by Sauls and upheld most aspects of the disciplinary action. However, the district court did strike that part of the punishment which required Sauls to repay half the wages paid to Drake while he could not work. The district court held that the prison disciplinary committee had no authority to impose such a wage assessment as a punishment for a violation of prison rules.

The State has appealed the district court's order. The State challenges only that part of the order which strikes the wage assessment from the punishments to be imposed on Sauls. The State contends that Iowa Code section 246.505 authorized the prison disciplinary committee to impose costs, including a wage assessment like that involved here, as a punishment for a violation of prison rules. Sauls cross-appeals, claiming he was denied due process by the failure of the committee to appoint counsel substitute and that the court improperly restricted cross-examination of a witness at the postconviction hearing.

I. Upon trial of the postconviction proceedings, the district court held that the disciplinary committee was without authority to impose costs as a sanction for disciplinary misconduct. The State appeals that part of the ruling. We find that authority to impose costs is within the authority conferred upon the Department of Corrections. We therefore reverse and reinstate the decision of the disciplinary committee as to the assessment of costs.

In considering legislative enactments we should avoid strained, impractical or absurd results. Ordinarily, the usual and ordinary meaning is to be given the language used, but the manifest intent of the legislature will prevail over the literal import of the words used. Where language is clear and plain there is no room for construction. We should look to the object to be accomplished and the evils and mischiefs sought to be remedied in reaching a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it. *Iowa Nat'l Indust. Loan Co. v. Iowa State Dep't of Revenue*, 224 N.W.2d 437, 440 (Iowa 1974); *Wollenzien v. Board of Education*, 297 N.W.2d 215, 217 (Iowa 1980). We examine both the language used and the purpose for which the legislation was enacted. *Northern Natural Gas Co. v. Forst*, 205 N.W.2d 692, 695 (Iowa 1973).

Authority for the committee's action is contained in Iowa Code section 246.505, specifically section 246.505(1)(a) and (e). Those sections provide:

1. Inmates who disobey the disciplinary rules of the institution to which they are committed shall be punished by the imposition of the penalties prescribed in the disciplinary rules, according to the following guidelines:

a. To ensure that sanctions are imposed only at such times and to such a degree as is necessary to regulate inmate behavior within the limits of the disciplinary rules and to promote a safe and orderly institutional environment.

\* \* \* \* \* \*

e. To define the elements of each offense and the penalties which may be imposed for violations, in order to give fair warning of prohibited conduct.

In accordance with these guidelines, the institution has adopted rules setting out the matters which are violations of those rules, and the sanctions imposed as a result of those violations. Specifically, under rule II(H)(3)(c), provision is made for "Assessed costs (itemized list of costs) i.e. store order." Under this sanction, the committee assessed the costs and debited Sauls' store account for the amount of the costs assessed.

We hold that the sanction of costs is permitted under the provisions of Iowa Code section 246.505. We therefore reverse that part of the district court's holding and reinstate the order of the committee assessing the costs.

■ II. Sauls cross-appeals, contending that the court was in error in failing to require that counsel substitute be appointed to assist him at the disciplinary hearing. Sauls concedes that he was not entitled to counsel at that hearing. *Wolff v. McDonnell*, 418 U.S. 539, 570, 94 S.Ct. 2963, 2981–82, 41 L.Ed.2d 935 (1974). That case, however, recognizes that under some circumstances there would be a right to counsel substitute. *Id.* Primarily, such a right exists when a prisoner is illiterate or is unable to understand the proceedings.

Sauls claims that because the case depended almost entirely on information supplied by confidential informants, it was complex and required someone to be able to examine the confidential information being used and make a determination as to the reliability of that information. We hold that the mere fact that the case involved confidential informants does not render the case so complex that Sauls required counsel substitute. *Id.* at 569–70, 94 S.Ct. at 2981–82.

■ III. Finally, Sauls claims the district court improperly restricted cross-examination of witness Larry Brimeyer, the hearing officer who chaired the committee that conducted the disciplinary hearing. The cross-examination related solely to a determination of the reliability of the confidential informants.

In the case of a disciplinary hearing based upon confidential information, the interest of the inmate in a fair hearing requires that some indication of the confidential informant's reliability be apparent. *Howard v. State*, 439 N.W.2d 193, 195 (Iowa 1989). To satisfy that requirement there must be sufficient information in the record to convince the reviewing authority that (1) the disciplinary committee undertook the reliability inquiry and (2) correctly concluded that the confidential information was credible and reliable. *Id.* This required the district court to determine that there was such an inquiry and that the confidential information was credible. This the district court did. It refused to allow counsel for the inmate to cross-examine the hearing officer upon that issue. As to him, that inquiry was irrelevant. The decision was for the court to make from the record. What Brimeyer did or did not conclude was not a proper inquiry before the district court.

Considering all of the issues raised upon this appeal, we reverse the trial court's finding that there was no authority to assess the costs of Mr. Drake's wages, and we affirm the district court's determination in all other respects.

Costs are taxed to appellee.

AFFIRMED IN PART; REVERSED IN PART.