**STATE of North Dakota ex rel. Richard BACKES, Highway Commissioner, Plaintiff and Appellee,**

v.

**A MOTOR VEHICLE DESCRIBED AS A PAWLING AND HARNISHEFEGER (P & H) 655, 37½ TON CRANE WITH A 100 FOOT BOOM, SERIAL #16789, Defendant and Appellant.**

**Civ. No. 920103.**

Supreme Court of North Dakota.

Nov. 24, 1992.

William R. Mills (argued), pro se, for defendant and appellant.

Charles M. Carvell, Asst. Atty. Gen., Bismarck, for plaintiff and appellee.

JOHNSON, Justice.

The appellant appeals from a judgment dated February 5, 1992, which dismissed a constitutional challenge to N.D.C.C. §§ 39–12–20 and 24–02–41, and from an order dated March 17, 1992, which denied a motion to require the Attorney General to show cause why he should not investigate the Army Corps of Engineers' management of the Garrison Dam and reservoir. We affirm both decisions.

On May 2, 1991, a Pawling and Harnishefeger 37 and ½ ton crane, owned by William R. Mills, was moved approximately 500 feet by Mills on a public road in Bismarck. Bismarck police stopped the crane and found it to be in violation of road weight restrictions. The State brought an action seeking $7,174.00 in charges for the crane being 48,320 pounds over the road weight limit, under N.D.C.C. Chapter 39–12.

Prior to trial, the parties entered into a stipulation under which Mills admitted to the allegations in the complaint and agreed to pay $700.00 in road weight restriction charges. Under the stipulation, Mills was authorized to challenge the constitutionality of N.D.C.C. §§ 39–12–20 [1] and 24–02–

---

1. N.D.C.C. § 39–12–20 states:

*Proceeds of sale.* The proceeds of sale must be applied first to the payment of the costs of the proceedings, including attorneys and witness fees and costs, and next to the payment of the charges assessed. Such charges must be remitted to the state treasurer to be credit-ed to the highways fund. The balance of the proceeds of any sale after the payment of costs and charges must be paid over by the sheriff to the person entitled thereto as determined by the court, or must be deposited with the clerk of court for such payment.

41 [2]. Mills argued that the statutes are unconstitutional because the overload fees or charges, as described by the statutes, are deposited into the state highway fund, instead of the common school fund as provided by the North Dakota Constitution, Article IX, Section 2.

The Constitution provides:

> The interest and income of this fund together with the net proceeds of *all fines for violation of state laws* and all other sums which may be added thereto by law, shall be faithfully used and applied each year for the benefit of the common schools of the state, and shall be for this purpose apportioned among and between all the several common school corporations of the state in proportion to the number of children in each school age, as may be fixed by law, and no part of the fund shall ever be diverted, even temporarily, from this purpose or used for any other purpose whatever than the maintenance of the common schools for the equal benefit of all the people of the state; provided however, that if any portion of the interest or income aforesaid be not expended during any year, said portion shall be added to and become a part of the school fund. [Emphasis added.]

Mills asserted that overload fees or charges are actually fines for the violation of state laws which should be deposited into the common school fund. The district court rejected this argument and dismissed Mills' motion, concluding that the language of the challenged statutes did not refer to fines or forfeitures, but rather to civil penalties.

In addition to the constitutional challenge, Mills sought an order under N.D.C.C. § 54–12–04 [3] requiring the Attorney General to show cause why he should not investigate the Army Corps of Engineers' management of the Garrison Dam and reservoir on the Missouri River. Mills asserted that the Corps of Engineers was engaged in criminal conduct by releasing large amounts of water from the reservoir that flooded and eroded his land along the river.

The district court denied the application and ordered severance on March 17, 1992. On March 24, the court issued an amended judgment for the constitutional challenge. Mills now appeals.

■ The first issue we address is Mills' constitutional challenge to N.D.C.C. §§ 39–12–20 and 24–02–41. "[A]n act of the legislature is presumed to be correct and valid, and any doubt as to its constitutionality must, where possible, be resolved in favor of its validity." *So. Valley Grain Dealers v. Board of County Commissioners*, 257 N.W.2d 425, 434 (N.D.1977); N.D.C.C. § 1–02–38. Section 39–12–17 provides that a court must assess charges on a pro rata basis against a vehicle that has violated highway weight limitations. Section 24–02–41 requires these proceeds to be deposited into the state highway fund. If the charges and costs provided for by § 39–12–17 are not paid, the state may confiscate and sell the offending vehicle. Under § 39–12–20, the proceeds of a confiscation sale must be applied to payment of the costs of the proceeding and the charges assessed against the vehicle.

2. N.D.C.C. § 24–02–41 states in relevant part: *Department revenues to state highway fund.* All revenue in the form of charges, reimbursements, or earnings as hereinafter specified, accruing to the department or any of its agencies or divisions, must be collected and received by the director or his agent, and deposited with the state treasurer monthly, who shall credit all such deposits to the state highway fund:

    1. Overload fees or charges, permit fees, proceeds from sales, and reimbursements from other entities.

3. N.D.C.C. § 54–12–04 states in relevant part:

*Attorney general to investigate and prosecute criminal matters in counties on demand of district judge—How expenses paid.* Upon the written demand of a judge of the district court, with or without the consent and approval of the state's attorney of the county wherein such duties are to be performed, the attorney general, either personally or through his assistants, shall be required to make a full and complete investigation of any criminal matter or complaint referred to in the demand.

Mills urges us to interpret "fines for violation of state laws" as used in Article IX, Section 2 of the North Dakota Constitution to include "overload fees" or "charges" as described by N.D.C.C. §§ 24–02–41 and 39–12–20. We decline. The primary support Mills offers in his challenge is a theory of a bureaucratic conspiracy to avoid the language of the constitution and a 1954 Wisconsin case where overload restriction payments were described as "fines" and "penalties."[4] These arguments are insufficient. "One who attacks a statute on constitutional grounds, defended as that statute is by a strong presumption of constitutionality, should bring up his heavy artillery or forego the attack entirely." *So. Valley Grain Dealers v. Bd. of Cty. Com'rs*, 257 N.W.2d at 434.

■ We conclude that the phrase "fines for violation of state laws" referred to in the constitution does not encompass civil penalties such as overweight vehicle charges.

■ We interpret words in their ordinary sense unless it is clear that a different meaning is intended. *Peterson v. McKenzie County Public School Dist. No. 1*, 467 N.W.2d 456 (N.D.1991); N.D.C.C. 1–02–02. Generally, a "fine" is a pecuniary punishment for the violation of a law and relates to a criminal offense. *People ex rel. Doss v. Doss*, 35 Ill.App.3d 365, 342 N.E.2d 60, 63 (1975); *Sinner v. State*, 128 Neb. 759, 260 N.W. 275, 276 (1935).

We believe this interpretation is supported by the fact that the framers of the state constitution and those who revised it in 1972 had ample opportunity to adopt broader language that would clearly encompass civil penalties.

This Court's only prior review of Article IX, Section 2, supports the distinction between criminal fines and civil penalties. In *State v. Bickford*, 28 N.D. 36, 147 N.W. 407 (1914), the Court considered a statute that required embezzlers of public funds to pay the injured governmental unit a sum equal to twice the amount of the embezzlement. The Court ruled that since the primary purpose of the payment was to punish the offender, the fine must be deposited in the school fund pursuant to Article IX, Section 2. Payments that sought to provide restitution or compensation were not intended to be included.

The Nebraska Supreme Court, in reviewing a constitutional provision similar to ours, has interpreted the phrase "fines, penalties, and license moneys" to encompass "fines imposed in the punishment of crimes and misdemeanors, exactions imposed for violations of ordinances and regulations growing out of the exercise of the police power and having the characteristics of a criminal proceeding...." *School Dist. of City of Omaha v. Adams*, 147 Neb. 1060, 26 N.W.2d 24, 27 (1947). Other state constitutions with similar provisions explicitly provide that fines for penal violations are payable to the school fund. *See* N.C. Const. art. IX, § 7; Wis. Const. art. X, § 2.

The overload charges in the case at hand are for the extraordinary use of the highway and are assessed on a pro rata basis for exceeding the legal weight restriction. *State ex rel. Hjelle v. A Motor Vehicle*, 299 N.W.2d 557 (N.D.1980). The primary purpose of assessing the charges is to compensate the state for possible damage to its highways and the proceedings are civil in nature. The statutes themselves describe the payments as "charges" and not fines. *See* §§ 39–12–20, 39–12–19, 39–12–18, 39–12–17, 39–12–14.1, 39–12–14, 24–02–41. Accordingly, we conclude that §§ 39–12–20 and 24–02–41 are not in violation of this constitutional directive.

■ Mills also contends the trial court erred in denying his application for an order to show cause. He seeks the order because he believes the Army Corps of Engineers is illegally releasing large

---

4. *State v. Seraphine*, 266 Wis. 118, 62 N.W.2d 403 (1954). The court rejected several constitutional challenges to overload penalties including a claim that such penalties were excessive fines in violation of Article 6, Section I of the Wisconsin Constitution. In its analysis, the court used the terms "fine" and "penalty" interchangeably. We find little support for Mills' argument since the Wisconsin court was not faced with the issue before us.

amounts or water resulting in erosion of land bordering the Missouri River. In particular, he contends that the Corps is guilty of criminal mischief; N.D.C.C. § 12.1–21–05, and release of destructive forces; N.D.C.C. § 12.1–21–04. Mills contends the order is needed because the Attorney General is unwilling to stop the Corps' illegal conduct since the State's riparian rights increase as the high water mark on the river rises.

■ We have not had the opportunity to review an appeal based on the denial of an application submitted under § 54–12–04. We note that while that statute authorizes a district judge to request a criminal investigation, it makes no specific provision for a citizen's application to the judge for such relief. An abuse of discretion standard of review seems appropriate since the court's exercise of power under § 54–12–04 resembles the issuance of a writ of mandamus. A writ of mandamus may be used to compel a public official to perform a duty arising from his or her office, trust, or station. N.D.C.C. § 32–34–01. A writ will only be granted if the petitioner has a clear legal right to the performance of the act sought to be compelled. *Keidel v. Mehrer*, 464 N.W.2d 815, 816 (N.D.1991). The issuance of the writ is discretionary and the trial court's denial of a writ will not be overruled absent an abuse of discretion. *Id.* We conclude the trial court did not abuse its discretion denying Mills' application. Courts traditionally have granted public prosecutors wide discretion in investigation and prosecution of alleged criminal activity. *See Hennebry v. Hoy*, 343 N.W.2d 87 (N.D. 1983).

The only evidence Mills presented to support his position was newspaper articles, a water commission memorandum, and general allegations regarding river elevations, congressional actions, and the Corps' operation of the dam and reservoir. No affidavits or documentation were submitted. As a result, Mills' application was properly dismissed. The judgment and order of the trial court are affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.