Thomas D. **OVERTON**, Appellant,

v.

**STATE of Iowa**, Appellee.

No. 91–1004.

Supreme Court of Iowa.

Dec. 23, 1992.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Bonnie J. Campbell, Atty. Gen., and Layne M. Lindebak, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

SCHULTZ, Justice.

Thomas Overton, an inmate at the Iowa Men's Reformatory, appeals from the denial of his application for postconviction relief which challenges the discipline imposed upon him by the institution. In his application, Overton maintained the Iowa Department of Corrections (department) had no authority to require him to pay damages to reimburse a staff member for eyeglasses broken during an altercation. The State claimed Overton waived review of this issue because he did not raise it in his administrative appeals. In addition, the State claimed that the department did have authority to impose a monetary sanction. The district court sustained the State's motion for summary judgment. We affirm.

A proceeding for postconviction relief is a civil action and is triable at law. *Jones v. State,* 479 N.W.2d 265, 269 (Iowa 1991). Summary judgment is appropriate when there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). Our review, when the facts are not in dispute, is to determine whether the district court correctly decided whether the moving party was entitled to judgment as a matter

of law. *Hoefer v. Wisconsin Educ. Ass'n Ins. Trust,* 470 N.W.2d 336, 338 (Iowa 1991).

■ I. *Error preservation.* It is undisputed that Overton did not raise the issue of improper sanction in his administrative appeals. In postconviction proceedings, our general rule prevents the court from considering an issue not asserted in the administrative process, absent sufficient reason for such failure. *Bonds v. State,* 447 N.W.2d 135, 136 (Iowa 1989). Although Overton advances his own reasons for failing to raise this issue during his administrative appeals, we believe another exception to the general rule allows us to consider the issue at this time.

■ We believe that an inmate may avoid the application of the error preservation rule when an issue concerns the institution's authority to impose the challenged sanction. In criminal proceedings, a sentence which is not authorized by statute is void. *State v. Wiese,* 201 N.W.2d 734, 737 (Iowa 1972). Void criminal sentences are not subject to the usual concepts of waiver arising from a failure to seek review or other omissions of error preservation. *State v. Ohnmacht,* 342 N.W.2d 838, 843 (Iowa 1983). While *Wiese* and *Ohnmacht* both involve criminal sentencing, we believe that the reasoning employed in these cases is also applicable to unauthorized sanctions imposed in prison disciplinary proceedings. Consequently, we hold that an issue concerning the authority to impose a particular sanction may be raised for the first time in postconviction proceedings.

II. *Authority to require monetary reimbursement to a staff member.* The parties agree that the authority for the sanction in question comes from an institutional rule permitting the sanction of "assessed costs" for the violation of a disciplinary rule. Overton contends that the legislature has not granted the department specific authority to impose monetary restitution.

We first examine the department's authority to enact rules imposing penalties on inmates for disciplinary rule violations. The department's board is authorized to adopt rules that it "deems necessary to transact its business and for the administration and exercise of its powers and duties." Iowa Code § 246.105(7). Specific authority for the imposition of penalties is found in Iowa Code section 246.505(1) which provides:

Inmates who disobey the disciplinary rules of the institutions to which they are committed shall be punished by the imposition of the penalties prescribed in the disciplinary rules....

Overton cites *Marquart v. Maucker,* 215 N.W.2d 278 (Iowa 1974), as authority for his claim that the institution must have specific statutory authority to adopt a rule to impose a penalty. We believe that Overton's reliance on *Marquart* is misplaced. In *Marquart,* we held that the board of regents was without authority to establish parking rules, the breach of which would constitute a public offense punishable by a fine or other penalty. *Id.* at 283. Unlike the board of regents, the department had statutory authority to punish inmates by the imposition of penalties. Iowa Code § 246.505(1).

Our court of appeals recently held that section 246.505 provided the department with statutory authority to enact a rule imposing the sanction of "assessed costs." *Sauls v. State,* 467 N.W.2d 1, 3 (Iowa App. 1990). The court further approved the imposition of a sanction requiring an inmate to reimburse the institution for part of the expenses it incurred as a result of the inmate's violation of a rule. *Id.* at 2–3.

■ At argument, counsel for Overton urged us to overrule the holding in *Sauls.* We believe that *Sauls* should be upheld. An agency rule is presumed valid and the party challenging the rule has the burden to demonstrate that a "rational agency" could not conclude the rule was within its delegated authority. *Teleconnect Co. v. Iowa State Commerce Comm'n,* 404 N.W.2d 158, 162 (Iowa 1987). Overton cannot sustain that burden. The department had specific statutory authority to adopt rules, section 246.105(7), and impose the penalties prescribed in the rules, section 246.505(1). Prison authorities are

accorded broad powers to make reasonable rules for the operation of the prison. 72 C.J.S. *Prisons* § 8 (1987). The general principle is that restitution orders for the cost of repair and replacement of damaged property are within the statutory disciplinary power of a correctional institution. 60 Am.Jur.2d *Penal and Correctional Etc.* § 138 (1987); *Curtis v. Oregon State Correctional Inst., Corrections Div.*, 20 Or. App. 530, 532 P.2d 798, 801 (1975); *Baker v. Wilmot*, 65 A.D.2d 884, 410 N.Y.S.2d 184, 185 (N.Y.App.Div.1978). We believe the rule as construed by the department is valid.

Overton also seeks to distinguish *Sauls* by arguing that the penalty imposed on the inmate in *Sauls* was limited to damages incurred by the institution. However, Overton conceded at argument that the department will incur a loss unless the staff member is reimbursed by Overton for his glasses. *See* Iowa Code § 246.108(4). Consequently, we believe that this case is consistent with *Sauls*.

 Furthermore, we believe that it is appropriate for courts to recognize the unique problems of penal environments by invoking a policy of judicial restraint. We should accord prison administrators wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 547, 99 Sup.Ct. 1861, 1878, 60 L.Ed.2d 447, 474 (1979).

III. *Summary.* In summary, we hold that Overton was entitled to a review of his claim that the department lacked authority to impose the sanction of restitution. We further hold that the department did have authority to impose the sanction requiring Overton to reimburse the staff member for eyeglasses broken during an altercation.

AFFIRMED.