Timothy A. THOMPSON, Appellant,

v.

STATE of Iowa, Appellee.

No. 93–1504.

Supreme Court of Iowa.

Nov. 23, 1994.

Patrick Ingram of the Mears Law Office, Iowa City, for appellant.

Bonnie J. Campbell, Atty. Gen., and William A. Hill, R. Andrew Humphrey, and Suzie Berregaard Thomas, Asst. Attys. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

PER CURIAM.

Timothy Thompson challenges the order denying his application for postconviction relief from prison disciplinary action. Thompson was originally sentenced to up to ten years in 1982. In 1986 Thompson was sentenced to another ten-year term. The terms were to be served consecutively and not concurrently. He claims the district court erred in finding prison officials had the authority to carry over disciplinary detention received during his first ten-year term into his second term. He also claims he should have the right to appeal from the denial of his application for postconviction relief.

I. *Background.*

In 1982 Timothy Thompson received a sentence of up to ten years for false use of a financial instrument and a concurrent term of up to two years for third-degree criminal mischief. In 1986 Thompson was convicted of six counts of third-degree kidnapping and sentenced to six concurrent ten-year sentences to be served consecutive to the sentence he was already serving.

During the first ten years of his imprisonment, Thompson received several disciplinary sanctions, including the loss of good time and disciplinary detention. He accumulated enough disciplinary detention to run beyond the duration of his combined sentences.

Thompson filed an application for postconviction relief challenging Iowa State Penitentiary's ability to carry the disciplinary detention he received during the first ten years of his sentence into the second ten years of his sentence. He claimed that any discipline imposed during his second ten years would be authorized under a different statute than the one in effect during his first ten years. Therefore, for disciplinary detention purposes, each sentence should be treated separately. Additionally, in support of his motion for summary judgment, he argued that under Iowa Code section 903A.7 (1991) only the loss of good time may be carried over from consecutive sentence to consecutive sentence.

The State resisted Thompson's application and filed its own motion for summary judgment.

In ruling on the cross-motions for summary judgment, the district court determined that under Iowa Code section 901.8 consecutive sentences are treated as one continuous sentence for all purposes including disciplinary detention status. It therefore concluded the penitentiary had the authority to carry Thompson's accumulated disciplinary detention forward and granted the State's motion for summary judgment. Thompson appeals.

## II. *Right to Appeal.*

■ In *Tabor v. State,* 519 N.W.2d 378 (Iowa 1994), we determined that, notwithstanding the language of Iowa Code section 822.9 (1993), an applicant seeking postconviction relief from prison disciplinary action may appeal to this court as a matter of right. Thompson is therefore correct in asserting he has such a right and we now consider his appeal.

## III. *Consecutive Sentences and Disciplinary Detention.*

■ This court has not addressed the issue of whether consecutive sentences are treated as one sentence for the determination of disciplinary detention status. The State argues the district court correctly concluded this issue is controlled by Iowa Code section 901.8 (1991), which states: "[I]f consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment."

Thompson argues section 901.8 is qualified by Iowa Code section 903A.7, which states: "When an inmate is committed under several convictions with consecutive sentences, they shall be construed as one continuous sentence in the granting or forfeiting of *good conduct time.*" (Emphasis added.) He claims that because section 903A.7 expressly mentions good conduct time it is implied that the legislature intended to exclude other items affecting an inmate's sentence, including disciplinary detention status. *See State v. Hatter,* 414 N.W.2d 333, 337 (Iowa 1987) ("The express mention of one thing in a statute implies the exclusion of others."). Therefore, for purposes of determining disciplinary detention status, consecutive sentences are construed as separate sentences. Thompson urges that if section 903A.7 is not construed in this manner it unnecessarily duplicates language contained in section 901.8.

■ When construing statutes, we look to the object to be accomplished and the evils and mischiefs sought to be remedied in order to reach a result which will best effectuate the statute's purpose rather than one which will defeat it. *Iowa Nat'l Indus. Loan Co. v. Iowa State Dep't of Revenue,* 224 N.W.2d 437, 440 (Iowa 1974). Besides requiring consecutive sentences to be treated as one sentence, section 901.8 requires sentences imposed for escape and crimes committed while confined in the institution to be served consecutive to any existing sentence. This furthers the state's interest in preserving order and discipline within its penal institutions by imposing increased imprisonment upon inmates who perpetrate crimes while incarcerated. *See State v. Jones,* 298 N.W.2d 296, 299 (Iowa 1980).

Treating consecutive sentences as separate sentences for disciplinary detention purposes would allow each inmate's accumulated disciplinary detention to be effectively expunged at the end of each separate sentence. Thus, if inmates accumulate disciplinary detention beyond the term of one of their first consecutively served sentences, the imposition of additional disciplinary detention during that term would not deter them from engaging in improper conduct. The State's goal of preserving order would be jeopardized, in conflict with the purposes of section 901.8. Therefore, interpreting section 903A.7 as applying only to good time accumulation would defeat the purpose of section 901.8. We reject such an interpretation.

Our conclusion that section 901.8 is controlling in this situation also answers Thompson's contention that the disciplinary detention imposed for each ten-year sentence was authorized under separate statutes and should therefore be treated separately. Section 901.8 has required that consecutive sen-

tences be treated as one sentence since the time Thompson was originally sentenced and continues to do so in the 1993 Code. *See* Iowa Code § 901.8 (1981); Iowa Code § 901.8 (1993).

Moreover, as the district court notes, courts are to invoke a policy of judicial restraint in dealing with the unique problems of penal environments. *Overton v. State*, 493 N.W.2d 857, 860 (Iowa 1992). "We should accord prison administrators wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447, 474 (1979)). Deference is especially important in a situation such as this in which we are asked to determine how prison authorities should administer their own internal discipline.[1]

IV. *Summary.*

We conclude the district court correctly determined section 901.8 requires that consecutive sentences be treated as one sentence for disciplinary detention purposes. The district court's decision is affirmed.

**AFFIRMED.**

---

1. We note, however, that prison officials have no authority to detain Thompson beyond the dura-

tion of his combined sentences.