# IN THE COURT OF APPEALS OF IOWA

No. 24-0936
Filed September 4, 2025

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**JOHN DAVID COLEMAN,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Melissa Anderson-Seeber, Judge.

A defendant challenges the length of probation imposed by the district court's sentencing order.  **AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines (until withdrawal) and Zachary Miller, Assistant Attorneys General, for appellee.

Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

When the district court imposes a suspended sentence for both a felony and a misdemeanor, can the period of probation be set at the two- to five-year period provided for a felony, or does the period need to be limited to the one- to two-year period provided for a misdemeanor?  That is the question before us in this appeal.

Here's how the question developed.  The State charged John Coleman with three crimes.  The parties reached a plea agreement.  By the terms of the agreement, Coleman pleaded guilty to two of the charges in return for dismissal of the third.  The two charges to which Coleman pleaded guilty were possession of a firearm by a felon, a class "D" felony, and driving while barred, an aggravated misdemeanor.  The district court imposed a five-year sentence for the felony and two-year sentence for the misdemeanor and ordered that they be served consecutively, resulting in an indeterminate sentence not to exceed seven years. The court suspended the sentence and placed Coleman on probation for a period of three years.

Coleman appeals.  He contends the court imposed an illegal sentence by setting the period of probation at more than two years because two years is the maximum period of probation for a misdemeanor.  *See* Iowa Code § 907.7(1) (2024).  With the probation period set at three years, Coleman contends he is illegally exposed to the risk of the revocation of his probation  more than two years after his sentence was imposed, which could result in him having to serve the two-year misdemeanor portion of his sentence after his probation should have expired.

We have jurisdiction to address Coleman's challenge despite his guilty plea because he has established good cause by challenging his sentence, which was

neither mandatory nor agreed to as part of a plea agreement. *See State v. Rasmussen*, 7 N.W.3d 357, 362, 365 (Iowa 2024) (concluding the court has jurisdiction despite the defendant's guilty plea when the defendant raises a claim of an illegal sentence). We review a claim that a sentence imposed is not permitted by statute for correction of errors at law. *Id.* at 365.

Neither party cites authority directly addressing the issue Coleman raises, and we have not found any either. But our rules of statutory construction provide the tools to resolve the dispute.

Coleman is correct that the maximum period of probation for a misdemeanor is two years. *See* Iowa Code § 907.7(1) ("The length of the probation shall be for a period as the court shall fix but . . . not to exceed two years if the offense is a misdemeanor."). But Coleman was not sentenced only for a misdemeanor. He was also sentenced for a felony offense, for which the period of probation is two to five years. *See id.* § 907.7(1) (setting the maximum period of probation for a felony at five years), (2) (setting the minimum period of probation for a felony at two years). And the court was required to choose a specific length for the period of probation, not a range. *State v. Wade*, 7 N.W.3d 511, 516 (Iowa 2024). The court chose three years, which is unquestionably a permitted length for a felony, but would be an impermissible length for a misdemeanor alone.

To resolve the question of what impact Coleman being sentenced for both a felony and a misdemeanor has on the period of probation, we look to another statute. Iowa Code section 901.8 states, in relevant part, "if consecutive sentences are specified in the order of commitment, the several terms shall be construed as one continuous term of imprisonment."

Section 901.8 sheds important light on the issue at hand. Because Coleman received consecutive sentences, section 901.8 treats them as one continuous sentence. *See Thompson v. State*, 524 N.W.2d 160, 162–63 (Iowa 1994) (noting that section 901.8 "require[s] that consecutive sentences be treated as one sentence"). As that continuous sentence includes a felony, the court had to have the option of setting the period of probation as the period allowed (and required) for a felony—that is from two to five years. *See* Iowa Code § 907.7(1)–(2). If we were to adopt Coleman's interpretation—that the period of probation cannot exceed two years because his sentence includes a misdemeanor offense—it would negate and ignore section 907.7(1)'s provision setting the maximum period of probation for a felony at five years. We do not interpret a statute in such a way as to negate part of it. *See id.* § 4.4 (establishing a presumption that "[t]he entire statute is intended to be effective"); *see also State v. Wilson*, 941 N.W.2d 579, 590 (Iowa 2020) ("We acknowledge that the rule against treating legislative language as superfluous is a well-established rule of construction.").

Further, Coleman's argument is based on the flawed notion that he received an indeterminate term of imprisonment not to exceed five years for the felony and another indeterminate term of imprisonment not to exceed two years on the misdemeanor. But that is not the case. By operation of section 901.8, Coleman received one continuous term of imprisonment not to exceed seven years. As that one term of imprisonment included a felony, section 907.7(2) required a period of probation of at least two years, and section 907.7(1) permitted a period of probation up to five years. The three-year period of probation set by the court fell

within that permissible range. Therefore, the sentence is not illegal, and Coleman's challenge fails.

**AFFIRMED.**